FILED
2016 Nov-17  PM 06:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, and TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case  No. 5:15-cv-01750-AKK |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) ) ) | |
| Defendants. | ) | |

## PRO TANTO INDIVIDUAL AND CLASS SETTLEMENT AGREEMENT

THIS  PRO  TANTO  INDIVIDUAL  AND  CLASS  SETTLEMENT  AGREEMENT  is entered  into  as  of  the  15th day of November, 2016,  by  and  among  the Defendant Daikin America, Inc. ("Daikin"), and individual Plaintiff, West Morgan-East Lawrence Water and Sewer Authority ("the Authority"), and Class Representatives Tommy Lindsey, Lanette Lindsey, and Larry Watkins, (the "Named Plaintiffs") on behalf of themselves and the Class Members (as defined below), acting by and through Class Counsel (as defined below).  (The Authority, the Named Plaintiffs and the Class Members are collectively "Plaintiffs.")  This Settlement is *pro tanto* and does not resolve any of the Plaintiffs' claims against Defendants 3M Company and Dyneon, LLC, or any claims or potential claims that are not expressly resolved by this Settlement Agreement.

## RECITALS

WHEREAS, Plaintiffs have asserted claims against Daikin in the Action (as defined

below) in connection with Daikin's operations at the Daikin Plant (as defined below);

WHEREAS, Plaintiffs' claims allege in substance that PFCs (as defined below) from the Daikin Plant have entered the Tennessee River and have thereby contaminated the water that the Authority draws from the River at its treatment plant in Lawrence County, Alabama, and then provides to the Class Members;

WHEREAS, due to contamination of their water supply with PFCs, the Class Members contend that the installation and use of a granular activated carbon treatment ("GAC") system at the Authority's water treatment plant is necessary to remove PFCs from the water;

WHEREAS, the Authority has designed and installed the initial stage of the GAC system, and 100% of the Authority's current daily water production is being successfully treated by GAC;

WHEREAS, the Authority has incurred substantial costs for design and installation of the GAC system;

WHEREAS, Daikin denies and continues to deny any wrongdoing in connection with its operation of the Daikin Plant, and specifically denies and disputes the scientific, medical, factual, and other bases asserted in support of the Plaintiffs' claims;

WHEREAS, the Settling Parties (as defined below) desire to settle the claims in the Action on the terms and conditions stated herein, which the Settling Parties believe are fair, reasonable, adequate and beneficial to and in the best interests of the Authority and Class Members;

WHEREAS, on August 31, 2016, the Settling Parties executed a Memorandum of Understanding ("MOU") memorializing an agreement to resolve Plaintiffs' claims against Daikin on a *pro tanto* basis; and

WHEREAS, in consideration of the promises and the mutual covenants hereinafter set forth, the Settling Parties, acting by and through counsel, have entered into this Agreement.

2

THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each Party hereto, IT IS HEREBY AGREED by the Settling Parties, subject to Court approval, as follows:

1.      **DEFINITIONS:** For purposes of this Agreement, the following terms shall have the meanings set forth below:

**"Action"** means the above-captioned individual and class action lawsuit currently pending in the United States District Court for the Northern District of Alabama.

**"Agreement"** means this Pro Tanto Individual and Class Settlement Agreement, including all exhibits.

**"Class Claims"** means the Released Claims of the Class Representatives and the Class Members.

**"Class Counsel"** means those law firms listed on the signature pages of this Agreement as "Counsel for Plaintiffs."

**"Class Members"** means those individuals who are members of the Settlement Class defined below.

**"Class Notice"** means providing information about this Agreement to the Class Members in accordance with Fed. R. Civ. P. 23(b)(2) and 23(e) and precedent of the United States Court of Appeals for the Eleventh Circuit.

**"Class Representatives"** means those Named Plaintiffs defined herein.

"**Complaints**" means the Individual and Class Action Complaint (Docket No. 1), the Amended Individual and Class Action Complaint (Docket No. 39), and the Consolidated Individual and Class Action Complaint (Docket No. 66) in the Action.

**"Court"** means the United States District Court for the Northern District of Alabama,

3

the Honorable Abdul Kallon, presiding.

**"Daikin Plant"** means the Daikin facility located at 905 State Docks Rd, Decatur, Alabama, which is one of the facilities that is the subject of the Action.

**"Fairness Hearing"** means the hearing at which the Court will consider whether to give final approval to this Agreement; approve, modify, or deny a petition for an award of attorneys' fees and expenses; enter the Final Approval Order; and make such other final rulings as are contemplated by this Agreement.

**"Final Approval Order"** means the Court's entry of the final order approving this Agreement following the Fairness Hearing.

**"Household"** means a residential housing unit, such as a house or an apartment, occupied by one or more Class Members.

**"Party"** or **"Parties"** means the persons who have entered into this Agreement, namely the Authority and Class Members, acting by and through Class Counsel, and Daikin.

**"Person"** means a natural person or corporation, association, limited liability company, partnership, limited partnership, joint venture, affiliate, or any other type of legal entity and their respective spouses, heirs, predecessors, successors, executors, administrators, representatives or assigns.

**"PFCs"** means, solely for purposes of this Agreement, fluorinated aliphatic substances that contain one or more carbon atoms on which all hydrogen substituents have been replaced by fluorine atoms. "PFCs" include without limitation perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

**"Preliminary Approval Order"** means the Court's order preliminarily approving this Agreement under Federal Rule of Civil Procedure 23, where such approval is in substantially

4

the same form as the Proposed Preliminary Approval Order, attached as Exhibit 1 to this Agreement.

**"Released Claims"** means all claims against Daikin that are released in this Agreement and excludes all claims against Defendants 3M Company and Dyneon, LLC.

**"Released Party"** means Daikin and its current and former directors, officers, shareholders, agents, attorneys, representatives, employees, affiliates, subsidiaries, insurers and counsel, and its, or their, predecessors, successors or assigns.

**"Settlement"** means the settlement to be consummated under this Agreement pursuant to the Final Approval Order as described herein.

**"Settlement Amount"** shall have the meaning set forth in Paragraph 11 of this Agreement.

**"Settlement Class"** means the class that the Parties are asking the Court to certify for purposes of settlement, as described in Paragraph 3 of this Agreement.

**"Settling Parties"** means the Authority, the Class Representatives, the Class Members, and Daikin, and all of their respective heirs, personal representatives, successors and assigns.

2.      **NO ADMISSION OF WRONGDOING OR LIABILITY:** Nothing in this Agreement, or in any final judgment or order of dismissal entered in the Action pursuant to this Settlement, constitutes an admission or concession of any liability or wrongdoing by the Released Party or admission or concession by the Released Party that there is any validity to any allegation in the Complaints. The Released Party has not admitted or conceded any liability or wrongdoing, acknowledged any validity to the claims or issues in the Action, or acknowledged any weakness in its defenses in the Action. The Released Party denies and continues to deny any wrongdoing alleged in connection with the operation of the Daikin Plant, and specifically denies and

5

disputes the scientific, medical, factual, a n d other bases alleged to support the Plaintiffs' Claims. Nothing contained in this Settlement or any related documents filed in connection therewith is intended to be nor shall be interpreted by anyone as in any way suggesting anything to the contrary in this Action or in any other actions. Neither this Agreement, the Final Approval Order, the fact of Settlement, the settlement negotiations, nor any related documents or facts related to the Settlement or Settlement negotiations, shall be offered or received in evidence against any Party for any purpose in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce this Agreement, or (ii) in any action against or by Named Plaintiffs or Class Members against or by any of the Released Parties in connection with a defense of *res judicata,* collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

3.      **CLASS DEFINITION:** The Parties have agreed to move the Court to certify the following Settlement Class for purposes of settlement:

> all owners and possessors of property as of the time of certification of the Settlement Class who use water provided by the West Morgan-East Lawrence Water and Sewer Authority, the V.A.W. Water System, the Falkville Water Works, the Trinity Water Works, the Town Creek Water System, and the West Lawrence Water Cooperative.

Excluded from the Class are:

a.      The Authority and the other water utilities listed;

b.      Daikin, 3M Company or Dyneon, LLC, and any entity in which any of them has a controlling interest;

c.      Any of the legal representatives, heirs, successors, or assigns of Daikin, 3M Company or Dyneon, LLC;

d.      The Judge to whom this case is assigned and any Member of the Judge's immediate

family and any other judicial officer assigned to this case; and

       e.      Any attorneys who are employees, partners, members or shareholders of Class Counsel.

       **4.**      **CLASS REPRESENTATIVES:** The Parties agree that the following individuals shall serve as Class Representatives of the Settlement Class:

      Tommy Lindsey,

      Lanette Lindsey, and

      Larry Watkins.

Class Counsel believe that the individuals listed above are appropriate Class Representatives for purposes of this Settlement and the Settlement Class, and Daikin agrees not to dispute or challenge such appropriateness solely for purposes of this Settlement and Agreement.

       **5.**      **SETTLING PARTIES' EFFORTS TO OBTAIN SETTLEMENT APPROVAL ORDER:** Based on an analysis of the facts and the law and taking into account the burden and expense of litigation, as well as the fair, cost-effective, and assured method of resolving the Class Claims, Class Counsel and Daikin conclude that this Agreement provides benefits to the Class Members and is fair, adequate, reasonable, and in the best interest of Class Members. The Settling Parties agree jointly to recommend approval of this Agreement by the Court, and to support approval of this Settlement as fair, adequate and reasonable. The Settling Parties further agree to undertake all reasonable and proper steps and efforts to effectuate the terms and purposes of this Agreement, to secure the Court's approval, and to oppose any challenges to the fairness of the Settlement and any appeals from or challenges to the Final Approval Order. Those steps shall include the following:

       a.      <u>Execution of Agreement</u>. The Parties, through their respective counsel, shall

execute this Agreement;

b.      Agreement to Participate.  The Class Representatives shall  provide to Daikin  an executed  copy  of an  Agreement  to  Participate,  in  the  form  attached  as  Exhibit  2  to this Agreement. Class  Counsel  shall  present  the  executed  copies  of  the  Agreements to Participate to Daikin within seven (7) days after this Agreement is fully executed; and

c.      Preliminary  Approval of Settlement and Notice.  As  soon  as reasonably possible upon  execution  of this  Agreement  but  by  no  later  than  any  deadline  set  by  the  Court,  Class Counsel  and  counsel  for  Daikin  shall  file  a joint  motion  with  the  Court  for  entry  of  a Preliminary Approval Order.  The joint motion shall seek an order:

(1) Conditionally certifying the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

(2) Preliminarily approving the terms and conditions of the Settlement embodied  in this Agreement  subject to the Fairness Hearing and final approval by the Court in the Final Approval Order;

(3) Finding that the Notice Plan described  in Exhibit 3 and the Class Notice  in the form  of  Exhibit  4  to  this  Agreement  fairly  and adequately:  describe the terms and effect of this Agreement and the Settlement; give adequate notice of the time and place of the  Fairness Hearing for final approval  of the  Settlement; describe how  Class  Members  may  object  to  approval  of the Settlement; and  satisfy the  due  process  requirements  of Fed. R. Civ. P. 23(e) and Eleventh Circuit law regarding notice to Class Members of the Settlement; and

(4) Appointing and designating the law firms listed on the signature pages hereto as "Attorneys for Plaintiffs" as Class Counsel.

8

d.    _Providing Class Notice_. The Settling Parties agree that, subject to Court approval, Class Counsel shall, at Class Counsel's expense, provide Class Notice of the proposed Settlement to Class Members as required by Federal Rule of Civil Procedure 23(e) and all applicable due process requirements in accordance with the Notice Plan described in Exhibit 3 to this Agreement and any additional direction by the Court;

e.    _Providing Notice Pursuant to CAFA_. Daikin shall provide the notice required by the Class Action Fairness Act, 28 U.S.C. 1715, to the appropriate federal and Alabama state officials within ten (10) days after the Parties file the Joint Preliminary Approval Motion with the Court, and Daikin agrees to provide copies to Class Counsel at the same time;

f.    _Motion for Final Approval of Class Settlement_. At least 20 days prior to the Fairness Hearing, Class Counsel and counsel for Daikin shall file a joint motion seeking a Final Approval Order that approves the Settlement embodied in this Agreement and that enters a judgment dismissing the Released Claims against Daikin with prejudice;

g.    _The Fairness Hearing_. On the date and time set by the Court, Class Counsel and counsel for Daikin shall participate in the hearing at which the Court will determine: whether the proposed Settlement of the Action on the terms and conditions provided in this Agreement is fair, reasonable and adequate and should be approved by the Court; whether a judgment should be entered herein; whether the distribution of the Settlement Amount as provided in this Agreement should be approved; and whether the amount of fees and expenses that Class Counsel request is reasonable and should be approved. Class Counsel and counsel for Daikin will reasonably cooperate with one another to obtain a Final Approval Order.

h.    _Rule 54(b) Judgment_. In connection with the Court's entry of a Final Approval Order, Plaintiffs and Daikin shall jointly move the Court to enter judgment on the claims against Daikin

pursuant to Rule 54(b) the Federal Rules of Civil Procedure, so as to allow interested persons to take

an immediate appeal from that judgment without awaiting final disposition of Plaintiffs' claims against

3M Company and Dyneon, LLC.

      6.    **OBJECTION PROCEDURE:** Each Class Member wishing to object to the

Settlement shall file with the Court a timely written notice of objection delivered or postmarked

by a deadline no less than fifty (50) days after the entry of the Preliminary Approval Order,  the

exact calendar date to be specified in the Court's Preliminary Approval Order.  The objection

shall set forth the reasons for the Class Member's objection.  The objection must be signed by

the Class Member, or the Class Member's duly authorized representative (including attorney),

and state (i) the Class Member's name, address, and telephone number (ii) the factual basis

for the claim of class membership, (iii) whether the Class Member plans to appear at the

Fairness Hearing, (iv) whether the Class Member is a current or former employee, agent, or

contractor of Daikin or Class Counsel, and (v) the complete factual basis for the objection,

along with whatever legal authority, if any, the objector asserts regarding the objection.  The

objection shall be filed with Sharon Harris, Clerk of Court, United States District Court for the

Northern District of Alabama, Hugo L. Black United States Courthouse, 1729 5th Avenue North,

Birmingham, AL 35203.  Additionally, one copy of the written objection shall be served by

first-class mail upon both Class Counsel and Daikin's Counsel, as follows:

    <u>Class counsel</u>:

    Jeff Friedman
    FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC
    3800 Corporate Woods Drive
    Birmingham, Alabama 35242

<u>Daikin's counsel</u>:

Steven F. Casey
JONES WALKER LLP
1819 5th Ave North, Suite 1100
Birmingham, Alabama 35203

7.  **NO RIGHT TO OPT OUT OF SETTLEMENT:**  The Settling Parties acknowledge and agree that, pursuant to applicable law, a Rule 23(b)(2) "mandatory" class does not provide Class Members with the right to opt out of a class settlement.  Accordingly, no opportunity will be provided to Class Members to opt out of this Settlement if the Settlement is preliminarily approved by the Court, as proposed. Provided that the Settling Parties agree that if the Court decides to approve a Rule 23(b)(2) class with the right to opt out, or approves a Rule 23(b)(3) class with the right to opt out,  the Settling Parties will continue to be bound by this Settlement.

8.  **FINAL COURT APPROVAL:** At least 20 days prior to the Fairness Hearing, the Class Representatives,  acting by and through Class Counsel, and Daikin shall jointly move the Court to enter a Final Approval Order with respect to this Settlement, and agree to use their best efforts to obtain  such approval  under Federal Rule of Civil Procedure 23. The Parties shall file with the Court an agreed proposed Final Approval Order that (i)  certifies the Settlement Class; (ii) approves the Settlement as fair,  adequate, and  reasonable under Federal Rule  of Civil Procedure 23(e), (iii) dismisses the Released Claims with prejudice, (iv) enjoins all further litigation by  the Named Plaintiffs and  Class  Members  on  the  Released Claims,  and  (v)  enters judgment pursuant to Rule 54(b) on plaintiffs' claims against Daikin (with continuing jurisdiction to administer the Settlement). If any Person appeals  the  Court's Final  Approval Order, the Parties will use their best efforts to defeat the appeal.

11

9.      **APPEAL OF FINAL APPROVAL ORDER:** The terms of this Agreement are conditioned upon the Court's Final Approval Order being entered, and, in the event the Final Approval Order is appealed, the dismissal of such appeal(s) or the affirmance without modification of the Court's Final Approval Order. In the event of any appeal, all dates in the Agreement triggered after the date of the Final Approval Order, except for the payment of the Settlement Amount into Class Counsel's Escrow Account, are stayed for the pendency of the appeal, and the Settling Parties agree that any statute of limitations that might begin to run during any such appeal on any of the Released Claims for the Authority and any Class Member shall be tolled during the pendency of the appeal.

10.     **SETTLEMENT BENEFITS:** Based on an analysis of the facts and the law and taking into account the burden and expense of litigation, as well as the fair, cost-effective, and assured method of resolving the claims of the Authority and Class Members, the Settling Parties have concluded that this Agreement: (1) is desirable to resolve in a final and complete manner the Released Claims against Daikin in this Action; (2) provides substantial and tangible benefits to the Authority and Class Members; and (3) is fair, adequate, and reasonable, and they will submit this Agreement for Court approval. The Settling Parties have agreed to this Agreement to provide for the resolution of any and all disputes concerning the Authority and Class Members arising from the Released Claims against Daikin in the Action and believe that this Agreement provides meaningful benefits to the Authority and Class Members.

11.     **CLASS BENEFITS PROMISED IN EXCHANGE FOR PRO TANTO RELEASE:** In consideration of all the promises and covenants set forth in this Agreement, and of the release and dismissal of only the Released Claims against Daikin as contemplated in this Agreement, Daikin shall pay $5,000,000.00 (Five Million Dollars) (the "Settlement Amount")

in accordance with Paragraph 20.  The Settlement Amount is to be used as follows, in accordance with the Parties' Proposed Final Approval Order to be submitted to the Court:

      a.      Daikin shall pay $4,000,000 (Four Million Dollars) to the Authority to cover the cost of the purchase and installation of a granular activated carbon system (GAC) capable of treating the Authority's water supply to remove PFOA and PFOS to levels below the concentration currently specified as the U.S. Environmental Protection Agency's lifetime drinking water Health Advisory level for those compounds (0.07 micrograms per liter for the sum of PFOA and PFOS concentrations).  That payment will benefit the Class Members by eliminating the need for the Authority to absorb the cost of the system and then pass that cost on to Class Members in the form of future rate increases.

      b.      In addition, Daikin shall pay $450,000.00 (Four Hundred Fifty Thousand Dollars) for distribution to Class Members.  The $450,000 (Four Hundred Fifty Thousand Dollars) shall be paid to the Authority, and the Authority shall use those funds to: (a) provide a credit to each Household comprised of residential Class Members who were billed by the Authority for water use during June 2016, the amount of the credit to be 100% of the Household's water bill during that month; (b) to provide a full credit to the water utilities that continued to contract for water with the Authority during June 2016 for the payments made to the Authority during that month; (c) to provide a partial credit to commercial customers that were billed by the Authority for water during June 2016; and (d) to provide a credit in the form of forgiveness of contracted minimum monthly water purchases for those utilities which stopped purchasing water from the Authority during June and July 2016. The total amount of the credits shall not exceed a total of $450,000.00 (Four Hundred Fifty Thousand Dollars). If the $450,000 (Four Hundred Fifty Thousand Dollars) is insufficient to pay the full amount of credits, as described above, the Authority will be

responsible for the remainder. If the $450,000 (Four Hundred Fifty Thousand Dollars) exceeds the full amount of credits, as described above, the excess shall be distributed on a pro rata basis to those Households, commercial customers, and water utilities receiving the credits.  If requested, the Authority will provide evidence to Daikin of the distribution of the $450,000 (Four Hundred Fifty Thousand Dollars).

c.      Finally, Daikin shall pay $550,000 (Five Hundred Fifty Thousand Dollars) to cover the cost of settlement notice, administration, litigation costs, and attorneys' fees.

12.      **RESPONSIBILITY OF RELEASED PARTY:** In no event shall the Released Party be obligated to pay anything in excess of the Settlement Amount under this Agreement, including but not limited to any obligation to pay interest.  The Released Party shall have no obligation, interest in, or responsibility with respect to the allocation, administration or distribution of the Settlement Amount.  The Parties acknowledge and agree that the Released Party shall have no responsibility for any aspect of the installation and operation of the granular activated carbon system to be installed by the Authority.  Class Counsel and the Released Party disclaim any and all liabilities, warranties, conditions, or representations (express, implied, oral or written), relating to or arising out of the installation and operation of the granular activated carbon system, including, without limitation, any and all implied warranties of quality, performance, merchantability or fitness for a particular purpose.

13.      **CLASS MEMBERS' CLAIMS:** Each Class Member shall look solely to the Settlement Amount for settlement and satisfaction of all claims released herein against Daikin. Except as provided by order of the Court pursuant to this Agreement, no Class Member shall have any interest in the Settlement Amount or any portion thereof.

14.      **ATTORNEYS' FEES AND EXPENSES:** The Parties agreed to all substantive

14

terms of this Agreement prior to discussing or reaching any agreement concerning attorneys' fees and expenses. Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel may apply for a fee based on some portion of the Settlement Amount. The Parties agree that the granular activated carbon system to be installed by the Authority will confer substantial benefits to the Settlement Class. Subject to Class Counsels' application for attorneys' fees and expenses, and in accordance with the Final Approval Order, Class Counsel shall be paid the fixed dollar sum approved by the Court from the Settlement Amount out of which Class Counsel shall distribute attorneys' fees and expenses (including expert witness fees, consultants' fees, litigation expenses, and the cost of providing Notice to the Class). Daikin agrees not to object to any reasonable fee/expense request filed by Class Counsel up to and including $550,000.00 (Five Hundred Fifty Thousand Dollars), and not to appeal said amount awarded as fees and expenses by the Court. Any attorneys' fees and expenses paid to Class Counsel from the Settlement Amount shall be paid only to the extent awarded by the Court and only after the Court has entered the Final Approval Order and dismissed the Class Claims with prejudice. If the Court awards less than $550,000 (Five Hundred Fifty Thousand Dollars) to Class Counsel for attorneys' fees and expenses, the remainder shall be added to the amount to be distributed to the Class Members in accordance with Paragraph 11.b. of this Agreement.

15.    **EXPENSES OF NOTICE AND ADMINISTRATION:** Subject to final Court approval, all expenses for administering the Class Benefits, including notice to the Class, shall be paid by Plaintiffs' Class Counsel.

16.    **PRO TANTO RELEASE BY THE AUTHORITY:** The Authority hereby releases and forever discharges the Released Party from any and all claims, losses, damages, attorneys' fees, costs, and expenses, whether asserted or not, accrued or not, known or unknown,

15

that arise out of or relate in any way to the presence of PFCs in the Tennessee River or in the Authority's water supply, property, equipment, or distribution system. This release is not intended to include, and specifically excludes, the release of any claims, losses, damages, attorneys' fees, costs, or expenses against Defendants 3M Company and Dyneon, LLC, and the total claims of the Authority remain unsatisfied by this Settlement.

17.     **PRO TANTO RELEASE BY CLASS REPRESENTATIVES AND CLASS MEMBERS.** Subject to the next sentence of this Paragraph, the Class Representatives, on their own behalf, and on behalf of Class Members (to the extent such Class Representatives have been designated by the Court to represent those Class Members as to the Class Claims), hereby release and forever discharge the Released Party from any and all claims, losses, damages, attorneys' fees, costs, and expenses, whether asserted or not, accrued or not, known or unknown, that arise out of or relate in any way to the presence of or exposure to PFCs contained in domestic metered water provided by the Authority or any other water utility.   This release is not intended to include and specifically excludes the release of any claims, losses, damages, attorneys' fees, costs, or expenses related to (a) personal injuries or illnesses, except for those which are specifically included in the Complaints, or (b) property damage arising out of or related to the entry of PFCs onto property through the deposit of PFC-containing biosolids, the natural flow of the Tennessee River or any tributary, or any other mechanism or pathway other than the delivery of domestic metered water.  The Released Party agrees to waive any defenses based on "claim splitting" or related doctrines that might otherwise apply if Class Representatives or Class Members seek to assert claims excluded from the release by the preceding sentence.  This release is also not intended to include, and specifically excludes, the release of any claims, losses, damages, attorneys' fees, costs, or expenses against Defendants 3M Company and Dyneon, LLC, and the

total claims of the Class Representatives and Class Members remain unsatisfied by this Settlement.

18. **EXCLUSIVE REMEDY AGAINST RELEASED PARTY**. The provision of the Class Benefits described in Paragraph 11 of this Agreement is the EXCLUSIVE method and remedy of all Class Members for the Released Claims against the Released Party. Accordingly, the Released Party shall not be subject to liability or expense of any kind to the Authority or Class Members with respect to any Released Claims, other than as set forth in this Agreement. However, Plaintiffs shall retain their remedies against Defendants 3M Company and Dyneon, LLC, and the total claims of Plaintiffs remain unsatisfied by this Settlement.

19. **COVENANT NOT TO SUE**. The Authority or Class Members shall not commence, prosecute, or cause to be commenced or prosecuted against, or with regard to the asserted conduct of, the Released Party any action or other proceedings based upon the Released Claims. The Authority and the Class Members consent to this Court's entry of an injunction barring them from commencing or prosecuting any action or other proceedings based upon the Released Claims.

20. **PAYMENT AND DISTRIBUTION OF INDIVIDUAL AND CLASS SETTLEMENT AMOUNT:** Within five (5) days following Court's entry of the Final Approval Order, Daikin shall wire transfer the Settlement Amount of $5,000,000.00 (Five Million Dollars) to Class Counsel for distribution in accordance with the provisions of Paragraph 11. Class Counsel shall retain the full amount in an interest-bearing escrow account until the time for any appeals of the Court's Final Approval Order has run, or in the case that any appeal is filed, until the appeal is finally dismissed or decided. In the event the Settlement is rendered null and void as described in Paragraph 23, the entire amount, plus interest accrued, shall be refunded to Daikin.

21. **NON-LIABILITY OF RELEASED PARTY:** In no event shall the Released

Party have any liability whatsoever with respect to the Settlement Amount once it is paid to Class Counsel as specified in Paragraph 20. In no event shall the Released Party be obligated to pay anything in excess of the Settlement Amount under this Agreement.

**22. REPRESENTATIONS AND WARRANTIES:**

a. The Class Representatives represent and warrant that as of the date of this Agreement they are currently owners or possessors of property who use water provided by one of the water systems identified in Paragraph 3 above, and they have no current intention to change that status in the next six months;

b. The Settling Parties represent and warrant they are voluntarily entering into this Agreement as a result of arms'- length negotiations among their counsel, that in executing this Agreement, they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof, and that this Agreement contains the entire agreement among the Settling Parties as to the Released Claims. The Settling Parties acknowledge that they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements or omissions pertaining to any of the foregoing, except as specifically set forth in this Agreement. Each Settling Party assumes the risk of mistakes as to facts or law;

c. The Settling Parties represent and warrant that they have carefully read the contents of this Agreement, and this Agreement is signed freely by each individual executing this Agreement on behalf of the Settling Parties. The Settling Parties further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to

18

the Settlement, this Agreement and all of the matters pertaining thereto, as he, she, or it deems necessary; and

d.      Each individual executing this Agreement on behalf of any Party does hereby personally represent and warrant to the other Settling Parties that he has the authority to execute this Agreement on behalf of, and fully bind, each such Party he represents or purports to represent.

23.     **TERMINATION OF AGREEMENT:** This Agreement may automatically terminate or be terminated by the Settling Parties, and thereby become null and void, in the following circumstances:

a.      If the Court declines to approve the Settlement, then the Settling Parties agree to jointly pursue reconsideration of such decision of the Court. In the event and on the date that an order is entered by the Court declining reconsideration or otherwise affirming the Court's decision to decline approval of the Settlement, this Agreement shall automatically terminate and become null and void.

b.      If the Court requires modification or alteration of this Agreement to secure judicial approval, the Settling Parties may agree to modify or alter this Agreement as the Court requires, but, if they cannot agree, the Agreement shall become null and void. Notwithstanding the preceding sentence, the Court's entry of an order awarding Class Counsel attorneys' fees and expenses below Class Counsel's fee and expense request shall not be grounds to void this Agreement. The only remedy in the event of a fee/expense award below Class Counsel's fee/expense request shall be a separate appeal by Class Counsel of the fee and expenses award provided by the Court.

c.      In the event that an appeal challenging the approval of this Agreement results

19

in an order vacating approval of this Agreement after exhaustion of further appeals by the Settling Parties, the Agreement shall become null and void. In the event that an appeal challenging the approval of this Agreement results in an order requiring modification or alteration of this Agreement to secure judicial approval, the Settling Parties may agree to modify or alter this Agreement as the order requires, but, if they cannot agree, the Agreement shall become null and void.

24.     **CONSEQUENCES OF TERMINATION OF THE AGREEMENT**.  If this Agreement is terminated and rendered null and void for any reason specified in Paragraph 23 above, the following shall occur:

a.      The Action shall for all purposes with respect to the Settling Parties revert to its status as of November 15, 2016, reserving to the Settling Parties all claims and defenses, and Class Counsel and Counsel for Daikin agree to jointly seek postponement of all deadlines then existing for a period of at least one month from the date of the termination of this Agreement;

b.      All releases and dismissals delivered pursuant to the Agreement shall be null and void; none of the terms of this Agreement shall be effective or enforceable; and neither the fact nor the terms of this Agreement shall be offered or received in evidence in the Action or in any other action or proceeding for any purpose; and

c.      The Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Settling Parties, and the Settling Parties further agree to jointly move the Court to vacate all Orders issued pursuant to the Settlement.

25.     **MISCELLANEOUS**

a.      <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Settling Parties, and it supersedes the MOU and all prior agreements or understandings

between them relating to the settlement of the Released Claims in the Action.

b.  Construction.  The Parties acknowledge that this Agreement was jointly drafted, and agree that if any of its terms are ambiguous, then the rule of construction construing the ambiguity against the drafting party shall not be employed in the interpretation of this Agreement.

c.  Governing Law. The Agreement shall be governed, construed by, and follow the law of the State of Alabama.  Jurisdiction and venue for all proceedings in connection with the Agreement, or arising as a result of any matter relating to this Settlement, or addressed in the Agreement, shall be in the United States District Court for the Northern District of Alabama.

d.  Reasonable Extensions. The Settling Parties may agree in writing to reasonable· extensions of time to carry out any of the provisions of the Agreement, subject to approval by the Court if required.

e.  Amendment. This Agreement may be amended only by a writing executed by all signatories hereto, provided that after entry of the Preliminary Approval Order, this Agreement may be modified or amended only by written agreement signed on behalf of the Settling Parties and approved by the Court.

f.  Jurisdiction. The United States District Court for the Northern District of Alabama shall retain jurisdiction over the Settling Parties to resolve any dispute which may arise regarding this Agreement.

g.  Severability.  The provisions of this Agreement are not severable.

h.  Waiver.  The provisions of this Agreement may be waived only by written agreement signed by the waiving party. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior

to, subsequent to, or contemporaneous with this Agreement.

      i.      Execution. This Agreement may be executed in counterparts and shall be binding upon each Settling Party and all Settling Parties executing this or any counterpart.

      j.      Notices. Any notice, demand or other communication under this Agreement (other than Class Notice) shall be in writing and shall be deemed duly given upon receipt if it is addressed to the intended recipient as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

      To the Authority and Class Members:

Jeff Friedman
FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7000
F: 205-278-7001
gadavis@enviroattorney.com

      To Daikin:

Robert J. Shaughnessy
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005-5901
bshaughnessy@wc.com

Executed and Agreed, this 15th day of November, 2016.

      _____

      Jeff Friedman, Ala. Bar No. asb-6868-n77j
      FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC
      3800 Corporate Woods Drive
      Birmingham, Alabama 35242
      T: 205-278-7000
      F: 205-278-7001
      jfriedman@friedman-lawyers.com

22

Gary A. Davis, NC Bar No. 25976
(*Pro Hac Vice*)
DAVIS & WHITLOCK, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

Carl Allen Cole, III, Ala. Bar No. asb-1309-r75c
THE COLE LAW FIRM, LLC
P.O. Box 2064
Decatur, Alabama 35602-2064
T: 256-353-0550
F: 256-353-0552
carl@carlcolelaw.com

ATTORNEYS FOR PLAINTIFFS

Mr. Robert J. Shaughnessy
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005-5901
bshaughnessy@wc.com

Mr. Steven F. Casey
JONES WALKER LLP
1819 5th Ave North, Suite 1100
Birmingham, AL 35203
scasey@joneswalker.com

Mr. Christopher Yeilding
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306
cyeilding@balch.com

ATTORNEYS FOR DAIKIN AMERICA, INC.

23

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, and TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case  No. 5:15-cv-01750-AKK |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] PRELIMINARY APPROVAL
ORDER**

Before the Court is the Joint Motion for Preliminary Approval of Class Action

Settlement filed by West Morgan – East Lawrence Water and Sewer Authority ("the

Authority"), the Class Representatives and Daikin America, Inc., ("Daikin")

(collectively "Parties"). The Parties have moved pursuant to Federal Rule of Civil

Procedure 23 for an order preliminarily approving the proposed *pro tanto* settlement

of the Class Claims against Daikin in the above-captioned action in accordance with

the Parties' proposed Pro Tanto Individual and Class Settlement Agreement dated

_____, as filed with the Court ("Settlement Agreement"), which sets forth the terms and conditions for the proposed settlement of the Class Claims. The Parties also seek conditional certification of the Settlement Class pursuant to Rule 23(b)(2) and approval of a Notice Plan and Notice consistent with Rule 23 and applicable law to provide notice of the proposed class action settlement to the Class Members.

WHEREAS, the Court has considered the Settlement Agreement and accompanying exhibits and other documents;

WHEREAS, all Parties have consented to the entry of this Preliminary Approval Order; and

WHEREAS, the Court held a Preliminary Approval Hearing on _____, with the Parties present through Counsel,

IT IS HEREBY ORDERED THAT:

1.      Plaintiffs Tommy Lindsey, Lanette Lindsey, and Larry Watkins are designated as Class Representatives for purposes of this Settlement.

2.      The Court designates Jeff Friedman of Friedman, Dazzio, Zulanas, & Bowling; Gary A. Davis, of Davis & Whitlock, PC; and Carl Cole of the Cole Law Firm, LLC, as Class Counsel for purposes of this Settlement.

3.      The Court confirms the authority of Class Counsel to execute the Settlement Agreement on behalf of the Class Members.

4.     The Court has reviewed the Settlement Agreement and preliminarily approves its terms, subject to further consideration at a Fairness Hearing.

(a)     The Court preliminarily finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is presumptively fair, just, reasonable, valid and adequate, subject to any objections that may be raised at the Fairness Hearing.

(b)     The Court preliminarily finds that the Settlement Amount of $5,000,000.00 (five million dollars) will be used to fund Class Benefits that will directly benefit the Class Members. Based on the Court's preliminary analysis, the Class Benefits represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(2) Class Claims against Daikin. The Court further preliminarily finds that the provision of a safe water supply for the whole Class through the installation of a Granular Activated Carbon ("GAC") System provides significant benefits, as does the avoidance of the costs and interest charges for the Authority which would have been passed on to the Class Members. The payment of restitution to certain Class Members and to wholesale utility customers of the Authority, which is incidental to the injunctive relief, is also a significant benefit.

(c)     The Court preliminarily finds the Class Settlement is fair, adequate and reasonable, based upon the Court's consideration of the six *Bennett* factors: (1)

3

the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984)).

(d)     The Fairness Hearing shall be held before the Court on _____ at the United States District Court for the Northern District of Alabama at _____. The Fairness Hearing will enable the Court to: (i) determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court under Rule 23(e), and whether a Final Approval Order should be entered; and (ii) consider such other matters as may properly come before the Court in connection with the approval of the proposed Class Settlement Agreement, approval of Class Counsel's attorneys' fees and expenses, and other matters related to approval and implementation of the Class Settlement Agreement.

5.     The Court finds that the Class Notice attached as Exhibit 4 to the Settlement Agreement is appropriate under the circumstances and is reasonably calculated to inform Class Members of the proposed Settlement, affords Class Members an opportunity to present their objections to the Settlement, and complies

4

in all respects with the requirements of Rule 23 and applicable due process requirements.

6.     Class Counsel shall provide notice of the proposed Settlement Agreement to Class Members as required by Rule 23 of the Federal Rules of Civil Procedure and applicable law as set forth in the Notice Plan by causing a copy of the Class Notice to be mailed to Class Members beginning at most 7 days after the entry of this Order and being completed no later than 45 days after entry of this Order.

7.     Class Members may file objections to the Settlement Agreement and/or appear at the Fairness Hearing personally or by counsel, provided that an appearance is served and filed as provided herein, to show cause, if any, why the Court should not (a) approve the Settlement Agreement as fair, reasonable, and adequate; (b) enter an order dismissing with prejudice and releasing the Released Claims against the Released Parties (as defined in the Settlement Agreement); or (c) allow Class Counsel to recover reasonable fees, costs and expenses (payable from the Settlement Amount) for their services. Unless the Court directs otherwise, procedures for lodging objections shall include the following:

(a)     Each Class Member wishing to object to the Settlement Agreement shall submit a timely written notice of their objections postmarked no later than thirty (30) days prior to the Fairness Hearing, or _____, to:

Sharon Harris, Clerk of Court

Re: *West Morgan-East Lawrence Water and Sewer Authority v. 3M Co,*
*Dyneon, LLC, and Daikin America, Inc.*, No. 5:15-cv-01750-AKK
United States District Court for the Northern District of Alabama
Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

With copies to:

Class Counsel:
Jeff Friedman
Friedman, Dazzio, Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242

Attorney for Daikin America, Inc.:
Steven F. Casey
Jones Walker LLP
1819 5th Ave North, Suite 1100
Birmingham, AL 35203

(b)     The notice of objections must include the name, address, telephone number, and signature of the Class Member; indicate how the Class Member is a member of the Class; indicate whether the Class Member is a current or former employee, agent, or contractor of Daikin or Class Counsel; and provide a detailed statement of the reasons why the Class Member objects to the Settlement, including whatever legal authority, if any, the Class Member relied upon regarding the objections.

8.     Class Members who object in the manner provided herein remain Class Members and will be bound by the Settlement Agreement and Final Approval Order if the Settlement Agreement is finally approved following the Fairness Hearing. Any

person who fails to object in the manner provided herein shall be deemed to have waived his or her objections and shall forever be barred from making any such objections in this Action and any appeal or other action or proceeding.

9.      Class Counsel shall file their motion for final approval of the settlement and their motion for Attorneys' Fees, Costs and Expenses no later than twenty-one (21) days prior to the Fairness Hearing Date specified in Paragraph 4.d. of this Preliminary Approval Order. Any Class Member who wishes to file an objection to the Class Counsels' fee motion shall file such objection in writing no later than ten (10) days prior to the Fairness Hearing. Any such objection must be filed with the Clerk of the Court, at the address as set out in Paragraph 7.a. of this Order, and shall set forth the same information as required in paragraph 7.b. above. Additionally, one copy of said written objection must be served upon each of the attorneys as set out in Paragraph 7.a. of this Order.

10.      The Court has considered the due process rights of absent Class Members and finds that such rights are adequately protected.

11.      If it has not already done so, Daikin shall provide notice of this proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, providing a copy of each such notice to Class Counsel when such notice is sent.

12.    The proceedings in this case as to Daikin are hereby stayed, pending the final determination of whether the Settlement Agreement should be approved, except for those proceedings necessary to carry out or enforce the terms of the Class Settlement Agreement.

DONE the _____ day of _____, 201_.


_____

ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, and TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case  No. 5:15-cv-01750-AKK |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) ) | CLASS ACTION JURY DEMAND |
| Defendants. | ) ) ) | |

**AGREEMENT TO PARTICIPATE IN PROPOSED CLASS ACTION SETTLEMENT**

I, _____, hereby declare the following:

1.       I am a Class Representative in the class action lawsuit listed above and have been an active participant in this litigation on behalf of the Class Members.

2.       I am aware that my lawyers and counsel for Daikin America, Inc. ("Daikin") have agreed upon a proposed Class Settlement that would settle the Class Claims against Daikin on a pro tanto (partial) basis with the claims against the other Defendants remaining.

3.       I understand that my lawyers and counsel for Daikin have agreed upon terms of this Class Settlement after arm's-length negotiations.

4.       In my capacity as Class Representative, I have discussed the terms of the proposed Class Settlement with my lawyers. Based upon my own judgment, belief and knowledge, and

taking into account the advice and recommendations of my lawyers, I believe that the terms of the proposed class settlement are fair, adequate, and reasonable and provide substantial benefits to the Class Members.

5.    In my capacity as Class Representative, I approve the terms of the proposed Class Settlement and agree to participate in the pro tanto settlement of the Class Claims against Daikin, if approved by the Court.

_____

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, and TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated,** | ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 5:15-cv-01750-AKK** |
| **3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC.,** | ) ) ) ) | **CLASS ACTION JURY DEMAND** |
| **Defendants.** | ) ) ) | |

**PROPOSED NOTICE PLAN FOR PRO TANTO CLASS SETTLEMENT**

The Plaintiff Class Representatives, through Interim Class Counsel, hereby request that the Court approve the mailing of individual notices to Class Members as further explained below:

1.     Pursuant to Fed. R. Civ. P 23(e), Class Members must be notified of a proposed class settlement. With respect to settlement of a Rule 23(b)(2) class action, the Court has discretion as to the type of notice to be issued.

2.     The names and mailing addresses of West Morgan-East Lawrence Water and Sewer Authority customers/households comprising the majority of the

Settlement Class are available from the Authority.  The names and mailing addresses of customers/households of the other Utilities,[1] who comprise the balance of the Settlement Class, are available from the other Utilities.

3.     Because the names and mailing addresses for Class Member households and commercial customers are available, individual notice provides the best notice practicable under the circumstances and is reasonably calculated to communicate actual notice of the proposed settlement to Class Members.

4.     Class Notice, as proposed herein, means mailing by First Class U.S. Mail of the Class Notice in the form contained in Exhibit A, attached to this Proposed Notice Plan.

5.     The mail-out date for Class Notice will be the date provided for in the Court's Preliminary Approval Order.  Plaintiffs have proposed that the mail-out should commence within 7 days after the entry of the Preliminary Approval Order and be completed within 45 days of the Preliminary Approval Order.

6.     The preparation and mailing of Class Notice is to be administered by Class Counsel.

---

[1]     The V.A.W. Water System, the Falkville Water Works, the Trinity Water Works, the Town Creek Water System, or the West Lawrence Water Cooperative.  All of these Utilities have purchased water on a wholesale basis from West Morgan-East Lawrence Water and Sewer Authority for distribution to their own retail customers.

7.     To the extent that Class Notices are returned as undeliverable, Class Counsel will immediately obtain, to the extent possible, forwarding and/or alternative addresses from the U.S. Postal Service in order to resend to Class Members those notices returned as undeliverable.

8.     Class Counsel will provide a report to be attached as an exhibit to the Motion for Final Approval that summarizes their efforts providing Class Notice. Should the Court find that Class Counsel's efforts do not satisfy due process or that the notice procedure that Class Counsel followed is otherwise deficient, Class Counsel assume the obligation for any necessary follow-up that the Court directs.

Respectfully submitted.

*/s/ Jeff Friedman*
Jeff Friedman (ASB-6868-N77J)
Lee T. Patterson (ASB-5482-E47P)
FRIEDMAN, DAZZIO, ZULANAS &
BOWLING, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7000
F: 205-278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

Gary A. Davis, NC Bar No. 25976
(*Pro Hac Vice*)
James S. Whitlock, NC Bar No. 34304
(*Pro Hac Vice*)
Douglas A. Ruley, NC Bar No. 14425
(*Admission Requested Pro Hac Vice*)
DAVIS & WHITLOCK, P.C.
21 Battery Park Ave., Suite 206

Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com
druley@enviroattorney.com

Carl Allen Cole, III (ASB-1309-R75C)
The Cole Law Firm, LLC
P.O. Box 2064
Decatur, Alabama 35602-2064
T: 256-353-0550
F: 256-353-0552
carl@carlco

Attorneys for Plaintiffs

# EXHIBIT 4

## CLASS ACTION NOTICE

## CLASS ACTION NOTICE

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**If, as of the ___ day of _____[ date of conditional class certification], you (a) own or lease real property and (b) use water provided by the West Morgan-East Lawrence Water and Sewer Authority, the V.A.W. Water System, the Falkville Water Works, the Trinity Water Works, the Town Creek Water System, or the West Lawrence Water Cooperative,**

**your rights may be affected by a proposed class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

The proposed Settlement provides funding for the construction and use of a Granular Activated Carbon System to treat the water supply provided by the West Morgan-East Lawrence Water and Sewer Authority (the "Authority") to its customers and to the other Utilities listed above (the "Utilities") in order to remove perfluorinated chemicals subject to the EPA Drinking Water Health Advisory issued May 19, 2016. The proposed Settlement also provides: (a) a credit to each Household comprised of residential Class Members who were billed by the Authority for water use during June 2016, the amount of the credit to be 100% of the Household's water bill during that month; (b) a full credit to the water utilities that continued to contract for water with the Authority during June 2016 for the payments made to the Authority during that month; (c) a partial credit to commercial customers that were billed by the Authority for water during June 2016; and (d) a credit in the form of forgiveness of contracted minimum monthly water purchases for those utilities which stopped purchasing water from the Authority during June and July 2016. The proposed Settlement is with only one of the Defendants, Daikin America, Inc. ("Daikin"), in the lawsuit concerning the contamination of the water supply. The lawsuit will continue against the other Defendants, and your rights to recover against the other Defendants will not be affected by this Settlement.

The Court in charge of this case must conduct a hearing to decide whether to approve the proposed Settlement. No proceeds from the Settlement will be distributed until the Court approves the Settlement and the time for any and all appeals has expired.

Your legal rights and options – and the deadlines to exercise them – are explained in this notice. Your rights are affected whether you act or don't act. Please read this notice carefully.

## CLASS ACTION NOTICE

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION…………………………………………………………………….PAGE 3

1.      Why did I get this notice package?
2.      What are these lawsuits about?
3.      Why is this a class action?
4.      Why is there a Settlement?

WHO IS IN THE SETTLEMENT…………………………………………………………...PAGE 4

5.      How do I know if I am a part of the Settlement?
6.      Which companies are included?

THE SETTLEMENT BENEFITS…………………………………………………………PAGE 4

7.      What does the Settlement provide?
8.      What do I have to do to receive class benefits?

THE LAWYERS REPRESENTING YOU………………………………………..............PAGE 6

9.      Do I have a lawyer in this case?
10.     How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT………………………………………………..PAGE 6

11.     How do I tell the Court if I don't like the Settlement?

THE COURT'S FAIRNESS HEARING………………………………………..............PAGE 7

12.     When and where will the Court decide whether to approve the Settlement?
13.     Do I have to come to the hearing?
14.     May I speak at the hearing?

IF YOU DO NOTHING…………………………………………………………...PAGE 8

15.     What happens if I do nothing at all?

GETTING MORE INFORMATION…………………………………………………...PAGE 8

16.     How do I get more information?

## CLASS ACTION NOTICE

### BASIC INFORMATION

1.      Why did I get this notice package?

You have received this Notice of Class Action Settlement because you have been identified as a potential member of the class on whose behalf claims will be settled, if the Court approves the proposed Settlement. The case involved in this proposed Settlement is *West Morgan-East Lawrence Water and Sewer Authority, et al. v. 3M Company, Dyneon, L.L.C., and Daikin America, Inc.* No. 5:15-cv-1750. The Court in charge of these cases is the United States District Court for the Northern District of Alabama, Northeastern Division, the Honorable Abdul K. Kallon presiding.  The people who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

The claims in the case are described in greater detail on page 3. The people covered by the proposed Settlement ("the Class Members") are individuals and entities who, as of the___ day of _____, _____ [date of conditional class certification], (a) own or lease real property and (b) use water provided by the West Morgan-East Lawrence Water and Sewer Authority, the V.A.W. Water System, the Falkville Water Works, the Trinity Water Works, the Town Creek Water System, or the West Lawrence Water Cooperative.

The Court approved this notice being sent to you because you have a right to know about the proposed Settlement of this class action lawsuit, and about your options and your opportunity to object, before the Court decides whether to approve the Settlement. If the Court approves the proposed settlement, and after any objections and appeals are resolved, the parties will proceed to fulfill their obligations in accordance with the terms of the Settlement Agreement.

2.      What is this lawsuit about?

The Authority draws water from the Tennessee River, treats it, and provides it as drinking water to its own customers and to the Utilities, which in turn provide it to their own customers. This case arises from Defendants' alleged releases of perfluorinated chemicals, including perfluorooctanoic acid (PFOA) and perfluorooctane sulfonate (PFOS), into the Tennessee River from chemical plants in Decatur, Alabama. In 2015, Class Counsel filed an individual and class action lawsuit against Defendants alleging that their releases have impacted and continue to impact the public drinking water supply provided by the Authority by contamination of the Tennessee River in the area of its water intake.  The court filings setting forth the Plaintiffs' claims against the Defendants may be viewed at www.wmelsettlement.com.  That website also contains all other relevant filings in this case.

Daikin denies the allegations this lawsuit and specifically denies and disputes the factual, scientific, medical, or other bases asserted in support of Plaintiffs' claims, including the Class Representatives' demands for filtering of Class Members' drinking water for PFOA and PFOS.

3.      Why is this case a class action?

## CLASS ACTION NOTICE

In a class action, one or more people, called Class Representatives sue on behalf of people who may have similar claims. All of the people represented by the Class Representatives are a "Class" or "Class Members." One court presides over the class-wide claims that the court determines should be addressed in one proceeding for all Class Members.

On _____ U.S. District Judge Abdul K. Kallon conditionally certified the proposed class for purposes of a Class Settlement.

4.      Why is there a settlement?

The Court did not decide in favor of the Class Representatives or Daikin in this case. The Class Representatives, with the advice of Class Counsel, and Daikin have agreed to the terms of this Settlement to avoid the cost, delay and uncertainty that would come with additional litigation and trial. The Class Representatives and Class Counsel think the Settlement is best for Class Members because it provides certain relief now.  The agreement to settle is not an admission of fault by Daikin. Daikin specifically disputes the claims asserted in these cases, including the claims for filtering or any other form of water treatment for PFOA or PFOS.

## WHO IS IN THE SETTLEMENT

In order to be included in this Settlement, you must be a Class Member.

5.      How do I know if I am part of the Settlement?

Judge Kallon has conditionally certified a class which includes everyone who fits the following description:

> Everyone who, as of the ____ day of _____, ____ [date of conditional class certification], owns or leases property and uses water provided by the West Morgan-East Lawrence Water and Sewer Authority, the V.A.W. Water System, the Falkville Water Works, the Trinity Water Works, the Town Creek Water System, or the West Lawrence Water Cooperative.

Because you have received this Notice of Class Action Settlement, you may be a member of the class described above.

6.      Which companies are included?

Daikin is the only Defendant included in this proposed Settlement. The class action lawsuit will continue against Defendants 3M and Dyneon.

## THE SETTLEMENT BENEFITS

7.      What does the settlement provide?

4

**CLASS ACTION NOTICE**

Certain provisions of the proposed Settlement are described in this notice, but the documents on file with the Court set forth the Settlement and its terms more fully. Those documents are available for you to review at www.wmelsettlement.com. The proposed Settlement is subject to Court approval.

The Settlement provides for benefits to the Class Members to resolve the Class Claims against Daikin.

Specifically, the Settlement provides for a total Settlement Amount of $5.0 million. Of the total, $4.0 million of the Settlement Amount will be used for the construction and use of a Granular Activated Carbon ("GAC") System to treat the water supply provided by the Authority to its customers and to the Utilities in order to remove PFOA and PFOS to levels well below the levels in the EPA Drinking Water Health Advisory issued May 19, 2016. The Granular Activated Carbon System has been substantially constructed and is currently in operation treating 100% of the water supply provided by the Authority.

As a result of the construction of the GAC System by the Authority, Class Members will receive the benefit of safe water delivered by the Authority and the Utilities. In addition, because Daikin is paying is paying for the cost of the System, Class Members will not have to pay for the costs themselves through higher water bills. The Authority estimates that the Settlement will result in at least $6 million savings to the customers (Class Members) of the Authority and the Utilities over the next 20 years.

The proposed Settlement also provides: (a) a credit to each Household comprised of residential Class Members who were billed by the Authority for water use during June 2016, the amount of the credit to be 100% of the Household's water bill during that month; (b) a full credit to the water utilities that continued to contract for water with the Authority during June 2016 for the payments made to the Authority during that month; (c) a partial credit to commercial customers that were billed by the Authority for water during June 2016; and (d) a credit in the form of forgiveness of contracted minimum monthly water purchases for those utilities which stopped purchasing water from the Authority during June and July 2016.The Settlement Amount includes $450,000 for these credits, which will be applied to Class Members' bills by the Authority or the Utility which provides your water.

The remainder of the Settlement Amount ($550,000) will cover attorney fees, litigation expense, and administrative costs for this Settlement, if such fees and expenses are approved by the Court.

Once the Court enters final approval, this Settlement provides that Class Members, in exchange for these class benefits, will release and agree not to sue Daikin for any the claims in the Class Complaint for real property damage, loss of use and enjoyment of property, loss of quality of life, aggravation and inconvenience, mental anguish, and out-of-pocket expenditures and reasonably ascertainable future expenditures. The Class Complaint does not claim damages for any manifest personal injury, and the release and agreement not to sue will not cover personal injuries.  The release and agreement also will not cover any claims for property damage arising from the entry of PFOA or PFOS on to Class Members' property by means other than the delivery of water originating with the Authority.

**CLASS ACTION NOTICE**

Daikin denies the claims in this case, including the demands for Daikin to provide filtration for PFOA and PFOS. Accordingly, Daikin did not participate in the selection of the GAC System and does not warrant any aspect of the GAC System. If you have questions about the GAC System, please do not contact Daikin. Instead, you should contact Class Counsel at:

> Jeff Friedman
> Friedman, Dazzio, Zulanas & Bowling, PC
> 3800 Corporate Woods Drive
> Birmingham, Alabama 35242
> 205-278-7000

8.      What do I have to do to receive class benefits?

You do not have to do anything to receive the class benefits. The Granular Activated Carbon System has been substantially constructed and is currently in operation treating 100% of the water supply provided by the Authority. Once the Court approves the Settlement, and the time for appeals expires or all appeals are resolved, the payment will be made to the Authority for the GAC System so that your water bill will not be increased to pay for it, and you will receive additional benefits through the credits described above that will be funded by Daikin's payment.

**THE LAWYERS REPRESENTING YOU**

9.      Do I have a lawyer in this case?

The Court approved the law firms of Friedman, Dazzio, Zulanas & Bowling, PC; Davis & Whitlock, PC; and the Cole Law Firm, LLC, as Interim Class Counsel to represent you and other Class Members. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

10.     How will the lawyers be paid?

As part of the final approval of this Settlement, Class Counsel will ask the Court to approve payment of their reasonable attorneys' fees and expenses related to their work in this case. Class Counsel will make their request for Attorneys' Fees and Expenses through a motion that will be filed with the Court prior to date of the Fairness Hearing and prior to the deadline for Class Members to file their Objections.  That motion will be made available at wmelsettlement.com.

The Court will determine whether the payments and the specific amounts requested at that time are appropriate. These amounts will come out of the Settlement Amount. Daikin does not oppose this request for fees and expenses.

**OBJECTING TO THE SETTLEMENT**

11.     How do I tell the Court if I don't like the settlement?

6

## CLASS ACTION NOTICE

If you are a Class Member, you can object to the Settlement if you don't like any part of it. The Court will consider your views. To object, you must send a letter saying that you object to the *West Morgan-East Lawrence Water and Sewer Authority v. Daikin* Settlement, and you must specifically state your objections. You must include your name, address, telephone number, and your signature; indicate whether you are a current or former employee, agent, or contractor of Daikin or Class Counsel; and provide a detailed statement of the reason why you object to the Settlement. Mail the objection to the three places listed below, postmarked no later than _____, 2016:

> Sharon Harris, Clerk of Court
> Re: *West Morgan-East Lawrence Water and Sewer Authority v. 3M Co, Dyneon, LLC, and Daikin America, Inc., No. 5:15-cv-01750-AKK*
> United States District Court for the Northern District of Alabama
> Hugo L. Black United States Courthouse
> 1729 5th Avenue North
> Birmingham, AL 35203
>
> Jeff Friedman
> Friedman, Dazzio, Zulanas & Bowling, PC
> 3800 Corporate Woods Drive
> Birmingham, Alabama 35242
> Class Counsel
>
> Steven F. Casey
> JONES WALKER LLP
> 1819 5th Ave North, Suite 1100
> Birmingham, AL 35203
> Attorney for Daikin America, Inc.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing at _____ on _____, at the United States District Court for the Northern District of Alabama, _____.   At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. The Court may also address Class Counsels' Motion for Attorney Fees and Expenses. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

You do not have to come to the Fairness Hearing. Class Counsel will answer questions Judge Kallon may have, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the Fairness Hearing for *West Morgan-East Lawrence Water and Sewer Authority, et al. v. 3M Company, Dyneon, L.L.C., and*

## CLASS ACTION NOTICE

*Daikin America, Inc.* No. 5:15-cv-1750."  Be sure to include your name, address, telephone number, and your signature. Your "Notice of Intention to Appear" must be postmarked no later than _____, and must be sent to the three addresses listed in the "Objecting to the Settlement" section of this Notice.

### IF YOU DO NOTHING

12.     What happens if I do nothing at all?

If you do nothing at all, you will receive the benefits of the proposed Settlement and will be bound by the release of Daikin as a Defendant in the lawsuit. The Granular Activated Carbon System has been substantially constructed and is currently in operation treating 100% of the water supply provided by the Authority. If the Settlement is approved by the Court, your water bill will not be increased to pay for this GAC system, and you will receive additional benefits through the credits described above that will be funded by Daikin's payment.

### GETTING MORE INFORMATION

13.     How do I get more information?

DO NOT CALL the Court or Daikin with questions about this Settlement. If you have questions about this Settlement, you should contact Class Counsel at:

> Jeff Friedman
> Friedman, Dazzio, Zulanas & Bowling, PC
> 3800 Corporate Woods Drive
> Birmingham, Alabama 35242
> 205-278-7000

Additional information and documents pertaining to the Settlement can be found by visiting the website wmelsettlement.com.