UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 5:15-cv-01750-AKK |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) ) ) ) | **OPPOSED** |
| Defendants. | ) | |

**PLAINTIFF WEST MORGAN-EAST LAWRENCE WATER
AND SEWER AUTHORITY'S MOTION FOR SEPARATE TRIAL
AGAINST 3M COMPANY, INC., AND DYNEON, LLC**

COMES NOW Plaintiff West Morgan-East Lawrence Water and Sewer Authority ("WMEL") and moves this Honorable Court, pursuant to Fed. R. Civ. P. 42(b), to enter an Order providing a separate trial for the claims by WMEL against Defendant 3M Company, Inc., and Dyneon, LLC, and as grounds therefore, sets forth and says as follows:

1.  This case was originally filed against three defendants; Daikin America, Inc. ("Daikin"), 3M Company Inc. ("3M"), and Dyneon, LLC ("Dyneon"), on October 5, 2015.  The original lawsuit contained both class action claims for a class of WMEL water users and individual claims brought on behalf of

1

WMEL.  On July 6, 2018, WMEL entered a pro tanto settlement with Daikin.  The claims asserted by WMEL against Daiken were dismissed by Court Order (Doc. 164).

2. Prior to the time of the Court's final approval of the Daikin pro tanto settlement, counsel for WMEL withdrew from representation of the Class of customers provided water by WMEL. This Court entered an Order allowing withdrawal of counsel and allowing substitution of representation on behalf of the Class (Doc. 144).

3. In the present posture of the case, the Class Action is due to proceed against all three defendants, while the WMEL action is only due to proceed against two defendants, 3M and Dyneon, which is a wholly-owned subsidiary of 3M.

4. A combined trial including WMEL's individual claims against 3M and Dyneon on liability and damages along with class claims against all three defendants would risk jury confusion due to the settlement between WMEL and Daikin. The jury may be confused by the presentation of evidence of Daikin's liability by the Class plaintiffs but not by WMEL. The jury may be confused by the very different types of damages presented by WMEL versus the Class plaintiffs. Furthermore, a combined trial would involve the introduction of evidence that could be prejudicial to Daikin if the jury is told the present temporary filtration system at WMEL was paid through a partial settlement paid by that Daikin to

WMEL. However, this evidence will likely be relevant to the case between WMEL, 3M and Dyneon.

5. Maintaining the two cases together on the same schedule would also unduly delay the WMEL trial. The Defendants have submitted a proposed Discovery and Scheduling Plan that extends the trial of WMEL's claims against 3M Company, Inc., and Dyneon into late 2020 to accommodate class related discovery and legal issues. The present case has been pending since 2015. The river water that WMEL treats to provide drinking water for its customers is heavily polluted with 3M's chemicals, particularly perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA"), for which the U.S. Environmental Protection Agency ("EPA") has issued Drinking Water Health Advisories. WMEL currently utilizes a temporary granular activated carbon filtration system to filer these pollutants out of the water in order to keep the finished water below the EPA Health Advisory levels. The temporary filtration system must be replaced as soon as possible with a permanent Reverse Osmosis ("RO") system, and the resolution of WMEL's claims against 3M Company and Dyneon will determine how the new system is funded.

6. WMEL, 3M Company Inc., and Dyneon have substantially completed the exchange of paper discovery. Substantial progress has been made by WMEL in completing necessary depositions, and WMEL's case can be completed within the

scheduling framework in the proposed Scheduling Order that has been submitted to the Court (Doc. 167-1). The cases can remain consolidated for purposes of discovery, and any remaining discovery can be completed jointly to promote efficiency even after separate trials are ordered for WMEL claims and the Class.

WHEREFORE, PREMISES CONSIDERED, Plaintiff WMEL respectfully requests the Court to grant separate trials in the case of WMEL v. 3M Company Inc., and Dyneon, LLC, and the claims of the Class Representatives against all three defendants.

Respectfully submitted,

 */s/ Jeff Friedman*
Jeff Friedman, Ala. Bar No. asb-6868-n77j
Lee Patterson, Ala. Bar No. asb-5482-e47p
Friedman, Dazzio, Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242
T: 205-278-7000
F: 205-278-7001
jfriedman@friedman-lawyers.com
lpatterson@friedman-lawyers.com

Gary A. Davis, NC Bar No. 25976
(Pro Hac Vice)
James S. Whitlock, NC Bar No. 34304
(Pro Hac Vice)
DAVIS & WHITLOCK, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

                                              Carl Allen Cole, III
                                              The Cole Law Firm, LLC
                                              P.O. Box 2064
                                              Decatur, Alabama 35602-2064
                                              carl@carlcolelaw.com

                                              **Attorneys for West Morgan-East**
                                              **Lawrence Water and Sewer Authority**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 13, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

M. Christian King
Harlan I. Prater, IV
William H. Brooks
W. Larkin Radney, IV
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
cking@lfwlaw.com
hprater@lfwlaw.com
mbrooks@lfwlaw.com
lradney@lightfootlaw.com

Steven F. Casey
JONES WALKER LLP
1819 5th Ave North, Suite 1100
Birmingham, AL 35203
scasey@joneswalker.com

Christopher Yeilding
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306
cyeilding@balch.com

Robert J. Shaughnessy
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005-5901
bshaughnessy@wc.com

Richard F Bulger
Tyler D Alfermann
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
rbulger@mayerbrown.com
talfermann@mayerbrown.com

W. Lewis Garrison, Jr.
Timothy C. Davis
Christopher B. Hood
HENINGER GARRISON DAVIS
2224 1st Avenue North
Birmingham, AL 35203
lewis@hgdlawfirm.com
tim@ghdlawfirm.com
chood@hgdlawfirm.com

                                    */s/ Jeff Friedman*
                                    OF COUNSEL