# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **3M COMPANY,** *et al.*, <br><br> **Defendants.** | **Case No. 5:15-cv-01750-AKK** <br><br> **Judge Abdul K. Kallon** |

## MEMORANDUM OF DEFENDANT DAIKIN AMERICA, INC. IN SUPPORT OF DEFENDANTS' PROPOSED PRETRIAL SCHEDULE

On January 24, the two sides submitted competing proposals for the pretrial schedule (Doc. 167-1, 167-2). Defendant Daikin America, Inc. (Daikin) submits this brief to urge the Court to adopt Defendants' proposed schedule, at least as to the claims of the individual Plaintiffs and putative class (collectively, "Customers") against Daikin and 3M/Dyneon (3M).[1]

---

[1] Plaintiff West Morgan-East Lawrence Water and Sewer Authority (WMEL) recently moved to sever its claims against 3M from the claims of the Customers against Daikin and 3M. Doc. 169 (Mar. 13, 2019). Daikin supports that motion. Although WMEL asserts that "[t]he cases can remain consolidated for purposes of discovery, and any remaining discovery can be completed jointly," *id.* at 4, there is no good reason why the pretrial deadlines for the two cases need to be the same, and there are good reasons why they should ***not*** be the same, as explained below.

The parties' respective scheduling proposals are summarized below:

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Amendment of pleadings | Feb. 28, 2019 | Feb. 28, 2019 |
| Production of documents subject to pending requests | Mar. 29, 2019 | Mar. 29, 2019 |
| Close of fact discovery | Sept. 13, 2019 | Dec. 31, 2019 |
| Plaintiffs' expert reports due | Sept. 27, 2019 | Dec. 15, 2019 |
| Defendants' expert reports due | Oct. 23, 2019 | Feb. 28, 2020 |
| Close of expert discovery[2] | Nov. 13, 2019 | Mar. 20, 2020 |
| Plaintiffs' motion for class certification due | Nov. 18, 2019 | Aug. 15, 2019 |
| Dispositive and *Daubert* motions due | No. 18, 2019 | Apr. 30, 2020 |
| Defendants' response to motion for class certification due | Dec. 9, 2019 | Sept. 15, 2019 |
| Plaintiffs' reply re class certification due | Dec. 20, 2019 | Sept. 30, 2019 |
| Final pretrial conference | Feb. 7, 2020 | July 31, 2020 |
| Trial date | Mar. 2020 | Sept. 2020 |

As this comparison shows, the parties' main points of disagreement pertain to (1) the discovery cut-off and, related thereto, the proposed trial date (Plaintiffs want earlier dates; Defendants want later dates); and (2) the timing of Plaintiffs' motion for class certification (Plaintiffs want a later date; Defendants want an earlier date). A lesser but still important disagreement concerns the interval between service of Plaintiffs' expert reports and Defendants' reports (Plaintiffs want a shorter interval and Defendants a longer interval).

---

[2] The dates for the close of expert discovery are not expressly stated in either proposal but follow from the parties' stipulation that depositions of experts must take place within 21 days after service of their reports.

Insofar as it relates to the claims of the Customers—the only claims to which Daikin is still a party—Plaintiffs' proposed schedule is unrealistic and, with respect to class certification, dysfunctional.

## A. Length of the Discovery Period

As far as discovery is concerned, Daikin is very differently situated from its co-defendant 3M. Although this case has been pending since October 2015, Daikin has, as a practical matter, been absent from the case for most of its lifespan.

Daikin entered an agreement in principle to settle with all Plaintiffs on August 31, 2016.[3] No discovery had occurred before then, as motions to dismiss the Amended Complaint were pending. In a telephonic status conference on November 16, 2016, devoted primarily to discussion of a discovery schedule, the Court excused Daikin from participating in further proceedings unrelated to the settlement. Daikin had no input into any discovery schedules that followed. The Court granted preliminary approval of the settlement with the Customer class in February 2017, Doc. 79, and final approval in May 2017, Doc. 98. The Court of Appeals vacated that settlement in June 2018, and its mandate issued on July 3, 2018. After that, activity on the Customers' claims against Daikin was effectively precluded as the Customers retained new counsel and those counsel fended off a

---

[3] The formal settlement agreement was submitted for the Court's approval on November 17, 2016. Doc. 73.

3

1628670.1

challenge to their representation brought by clients of the Gathings Firm. That challenge was not resolved until November 2018. Doc. 163.

Thus, for more than two years, the claims against Daikin were formally or effectively inoperative. During that time, WMEL and 3M "substantially completed the exchange of paper discovery." Doc. 169 at 3. By contrast, at this point, no discovery of any sort has been taken of or by Daikin. We begin at square one.

Against this background, it is unrealistic for Plaintiffs to suggest that fact discovery as to Daikin can be completed by September 13—a period of less than six months from today, including summer months when the scheduling of witnesses can be difficult. Unlike 3M, which we understand has litigated through discovery a number of cases involving the chemicals at issue, and has presumably collected and databased a large volume of relevant documents, Daikin has never been required in litigation to produce documents on the matters involved here. Unless the Customers' discovery ambitions as to Daikin are exceedingly modest, we expect it will take at least five months after requests for production are served for Daikin to collect, review, and produce relevant documents. And the Customers will likely want depositions of Daikin witnesses to await the substantial completion of Daikin's document production. In these circumstances, Defendants' proposed fact discovery cut-off of December 31 is tight but feasible; Plaintiffs' proposal is unworkable.

4

## B.     Timing of the Motion for Class Certification

Rule 23(c)(1)(A) calls for the court to address the issue of class certification "[a]t an early practicable time" after a would-be class action is commenced. Plaintiffs would turn that directive on its head. Their proposal would not have the Customers filing their motion for class certification until after the close of all fact discovery, after the close of expert discovery, and on the same day that dispositive and *Daubert* motions are due. That is about as late in the case schedule as one could possibly position the matter.

As an initial matter, that arrangement is unnecessary. The question on a motion for class certification is simply whether the case meets the requirements of Rule 23(a) and (b). To prepare and prosecute that motion, a plaintiff does not need discovery of every fact that might be relevant to the merits of the case. Here, extensive discovery is even less necessary than in other sorts of cases. As the Customers observed in 2017 when seeking certification of a settlement class, "Defendants' environmental discharges are the subject of voluminous public filings with regulatory agencies, so formal discovery is not necessary to obtain much of the crucial information." Doc. 92 at 23. Other facts bearing on certification pertain to the Customers themselves and are already in their possession or that of their ally WMEL.

In addition, Plaintiffs' proposed timing would create practical problems and unnecessarily burden the parties and the Court.  The parties obviously cannot predict or dictate when the Court will rule on the motion for certification, but under Plaintiffs' proposal it seems highly likely that the motion (with briefing closing on December 20, 2019) would not be decided until the eve of trial four months later (March 2020).  That means the parties would virtually arrive at the courthouse steps not knowing whether the trial involves the claims of three Customers or 40,000+ of them.  Undesirable consequences would follow.

First, if the Court were to certify a class (which it should not), the class notification and opt-out process could not practically be completed in time to allow a trial in March 2020 or probably for months thereafter.  After certification, a class notice would need to be prepared, approved by the Court, mailed to class members, and then allow them a reasonable time to opt out.[4]  It is difficult to imagine all of that being accomplished in time for a March 2020 trial, even if the Court were to grant class certification the day after the close of briefing.  *See, e.g.*, *Good v. Am. Water Works Co.*, 2016 WL 5746347 at * 1-2 (S.D.W. Va. Sept. 30, 2016) (litigation class of water customers certified October 9, 2015; notice sent to class members December 21, 2015, with opt-out deadline of February 12, 2016).

---

[4] The Court of Appeals held that any class certification of the damages claims in this case must be on an opt-out basis under Rule 23(b)(3).

Second, litigating this case as a class action would be a very different proposition from litigating the claims of just three individual plaintiffs. But so long as the question of class certification is unresolved, Defendants would have to prepare to defend against class claims. (Counsel for the Customers presumably would prepare to prosecute the claims on the same basis.) Under Plaintiffs' proposal, that would mean, among other things, that the parties would need to retain and prepare experts to address issues of injury and damages on a classwide basis—an entirely different enterprise than addressing claims of three individuals.[5] It would also mean that the parties would have to prepare summary judgment motions, *Daubert* motions, *in limine* motions, and other pretrial submissions on the assumption that the case is a class action. If, as we submit is likely, the Court ultimately concludes that certification is due to be denied, that process will have involved an enormous amount of wasted effort.

## C. Timing of Expert Reports

"[E]xpert testimony is typically critical to environmental litigation." *League of Wilderness Defenders v. Turner*, 305 F. Supp. 3d 1156, 1176 n.4 (D. Ore. 2018). So it is here. A large part of a defense expert's job in a case like this is responding

---

[5] To note one example: Analysis of alleged property damage (measured by diminution in value) on a classwide basis typically involves complex econometric analysis of large amounts of data relating to property transactions inside and outside the class area, which in this case spans a sizeable portion of two counties. That is a time-consuming and very expensive exercise. By comparison, expert testimony might not even be necessary to address property-damage claims of three individuals.

to the opinions of the plaintiffs' experts, who have months to prepare them. In an effort to accommodate a March 2020 trial date, Plaintiffs' proposed schedule allows an interval of just 26 days between the service of their expert reports and those of the Defendants. Given the complexity of the subject matter, that is simply not enough time. Important aspects of expert opinions are often not made clear until the expert's deposition, which obviously cannot take place until after service of the report. Even if, as both sides propose, depositions take place within 21 days after the service of the expert's report (in itself, an ambitious goal), under Plaintiffs' proposal the Defendants' experts could have as little as five days to prepare their reports after the depositions of counterpart experts on Plaintiffs' side. By comparison, Defendants' proposed schedule allows an interval of about ten weeks between service of the reports of Plaintiffs' experts and those of the Defendants.

### D. The Trial Date

Plaintiffs propose a trial date of March 2020. Defendants propose a date six months later, in September 2020. Daikin has no view on whether a March 2020 trial would be practicable for WMEL's claims against 3M. It clearly is ***not*** practicable for the Customers' claims against Daikin and 3M, in view of the adjustments that need to be made to Plaintiffs' proposed schedule to accommodate fact and expert discovery.

It is true that, by September 2020, the case will have been pending nearly five years. But it is also true that have been features of this case (apart from the complexity of its subject matter) that set it apart from the vast majority of cases—namely, the circumstances that one of the defendants was out of the case for more than two years, and that the Customers were compelled to switch lawyers three years into the case and effectively disabled from moving forward for many months. Those features justify a trial schedule that otherwise might seem too leisurely.

## Conclusion

For the reasons stated, the Court should adopt Defendants' proposed schedule, at least as to the claims of the Customers against Daikin and 3M.

Respectfully submitted,

*/s/ Christopher L. Yeilding*
One of the Attorneys for Defendant
Daikin America, Inc.

**OF COUNSEL:**

Steven F. Casey
JONES WALKER LLP
1819 5th Ave North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200

Christopher L. Yeilding
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 226-8728
Facsimile: (205) 488-5663

Robert J. Shaughnessy
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005-5901
Telephone: (202) 434-5564
Facsimile: (202) 434-5029

1628670.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2019, a copy of the foregoing has been filed with the Clerk of Court and served upon all parties using the CM/ECF system:

Jeffrey E. Friedman
Lee T. Patterson
FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC
3800 Corporate Woods Drive
Birmingham, AL 35242

Carl Allen Cole, III
THE COLE LAW FIRM, LLC
P.O. Box 2064
Decatur, AL 35602-2064

Gary A. Davis
James C. Whitlock
Douglas Ruley
DAVIS & WHITLOCK, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801

M. Christian King
Harlan I. Prater, IV
William S. Cox, III
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200

1628670.1

Richard F. Bulger
Tyler D. Alfermann
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606

W. Lewis Garrison, Jr.
Timothy C. Davis
Heninger Garrison Davis, LLC
P.O. Box 11310
Birmingham, AL  35202

                                               */s/ Christopher L. Yeilding*
                                               Of Counsel

1628670.1