# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., <br><br> Defendants. | Case No. 5:15-cv-01750-AKK |

---

**DEFENDANTS 3M COMPANY'S AND DYNEON, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants 3M Company and Dyneon LLC ("3M"), by their attorneys, hereby submit the following Motion to Dismiss Portions of the Third Amended Complaint.

## BACKGROUND

On February 8, 2016, plaintiffs Tommy Lindsey, Lanette Lindsey, and Larry Watkins ("Plaintiffs") filed their first Amended Complaint in this action against 3M and Daikin America, Inc. ("Defendants") relating to Defendants' alleged contamination of local water supplies with PFOA, PFOS, and related chemicals. Dkt. #39. At the time, Plaintiffs were joined in their filing by West Morgan-East Lawrence Water and Sewer Authority ("WMEL"), which has since resolved its claims against all Defendants. The Amended Complaint asserted six causes of action, including a claim for trespass. *Id.* ¶¶ 92-100.

Defendants moved to dismiss, and on September 20, 2016, the Court issued an order granting the motions in part and denying them in part. Dkt. #65. Specifically, the Court dismissed Plaintiffs' trespass claim with prejudice because they were unable to plead "substantial damages to the res" of their property, as required under Alabama law, but allowed the remaining claims to stand. *See id.* at 12-14, 20. The Court also ruled that Plaintiffs could not recover any damages relating to allegations of personal injuries that have not yet manifested. *See id.* at 7-

9, 20. Plaintiffs filed their second amended complaint a few days later, in accordance with the Court's ruling. *See* Dkt. #66.

On March 27, 2019, the Court entered a scheduling order setting May 6, 2019 as the final deadline for the parties "to join additional parties and to amend the pleadings." Dkt. #174 ¶ 11. After WMEL resolved its claims against all Defendants, Plaintiffs availed themselves of one final opportunity to amend their complaint, filing the Third Amended Complaint on May 6, 2019. Dkt. #175 ("TAC").

In their Third Amended Complaint, Plaintiffs for the first time claim to have suffered damages in the form of "diagnostic testing" for harms that have not yet manifested. *See id.* ¶¶ 41, 63, 82, Claim for Relief. Plaintiffs also attempt to resurrect the trespass claim the Court previously dismissed with prejudice. *See id.* ¶¶ 83-86. 3M now moves to dismiss these claims.[1]

## ARGUMENT

I. **Alabama law does not recognize a claim for diagnostic testing absent present physical injury, which Plaintiffs do not allege.**

In their Third Amended Complaint, Plaintiffs at various points assert "diagnostic testing" as a component of the damages they claim to have suffered. *See* TAC ¶¶ 41, 63, 82, Claim for Relief. However, as the Court explained at

---

[1] By separate filing, 3M is answering the remaining claims, which the Court previously permitted to stand.

2

length in its ruling on the Defendants' prior motions to dismiss, Alabama law does not permit recovery in the absence of "manifest, present injury." *See* Dkt. #65 at 7-9. This same principle precludes Plaintiffs' attempts to seek damages for "diagnostic testing" in the current version of the complaint.

Despite the Court's prior ruling, Plaintiffs still have not pleaded any "manifest, present injury" in connection with which they might recover their alleged "diagnostic testing" damages. Rather, the Court's original observation that Plaintiffs "do not claim that *they currently* have a disease as a result of their exposure," Dkt. #65 at 8, remains true, as reflected in the Third Amended Complaint. Absent such a claim, Plaintiffs' attempt to seek damages for "diagnostic testing" is nothing more than an attempted end run around both this Court's prior ruling and the Alabama Supreme Court's decisions in *Hinton ex rel. Hinton v. Monsanto Co.*, 813 So. 2d 827 (Ala. 2001), and *Houston Cty. Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2006) (both of which this Court cited in its prior ruling).

In *Hinton*, the Court made clear that "Alabama law has long required a manifest, present injury before a plaintiff may recover in tort," recognized that it has "refused to recognize as an 'injury' or 'damage' under Alabama law, a 'concern' that a product 'could later' cause a harm," and thus squarely held that Alabama law "provides no redress for a plaintiff who has no present injury or

3

illness" and "does not recognize a cause of action for medical monitoring." 813 So. 2d at 829–32 (citations omitted). Similarly, in *Houston Cty. Health Care Auth.*, the Court—citing *Hinton*—again held that "[a] person exposed to a known hazardous substance but not claiming a present physical injury or illness as a result may not recover as damages the costs of medical monitoring." 961 811. Accordingly, Plaintiffs' claims seeking damages for "diagnostic testing" fails as a matter of Alabama law and should be dismissed with prejudice.

## II.  Plaintiffs' trespass claim should be dismissed with prejudice once again.

### A.  The Court has already dismissed this claim *with prejudice*.

In Count Five of their Third Amended Complaint, Plaintiffs attempt to plead a cause of action for trespass. However, as noted above, this Court dismissed Plaintiffs' trespass claim *with prejudice* over two years ago. Dkt. #65 at 20. At no point did the Plaintiffs move the Court to reconsider the dismissal with prejudice. As such, the Court's ruling plainly bars Plaintiffs' attempt to simply re-file their dismissed trespass claim anew in the Third Amended Complaint. *E.g., Dismissed With Prejudice*, Black's Law Dictionary (10th ed. 2014) ("removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims").

### B.  Plaintiffs still fail to plead a claim for trespass in any event.

Even if Plaintiffs' trespass claim were not precluded by the Court's prior

4

order dismissing it with prejudice, Count Five would still fail as a matter of Alabama law. As this Court previously recognized, "[t]o succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res." Dkt. #65 at 12 (*citing Borland v. Sanders Lead Co., Inc.,* 369 So. 2d 523 (Ala. 1979)). Here, Plaintiffs have failed to plead at least two of the necessary elements of their claim.

First, Plaintiffs have failed to allege a right to exclusive possession of the property, as is required to satisfy the first element of their claim. Although Plaintiffs allege that they "are owners of real property," TAC ¶ 86, "an allegation that property is owned by a person is not an allegation of a possessory right." *Benefield v. Int'l Paper Co.*, 2009 WL 2601425, at *8 (M.D. Ala. Aug. 21, 2009). *Cf. AmSouth Bank, N.A. v. City of Mobile*, 500 So. 2d 1072, 1074 (Ala. 1986) ("A landlord cannot maintain any action for an injury to the possession as distinguished from the freehold, since the right to sue is in the tenant."). Accordingly, Plaintiff's trespass claim should be dismissed for this reason as well.

Second, and more glaringly, Plaintiffs still fail to allege any substantial damage to their property. As the Court previously held, "when, as here, there is no

5

allegation of physical or structural damage to the res … [Plaintiffs] have failed to plead the 'substantial damages to the res' required for an indirect trespass claim." Dkt. #65 at 13. Plaintiffs do now assert that Defendants' alleged trespasses "have physically altered the physical aspects of Plaintiffs' and Class members' properties." TAC ¶ 85. However, they allege no facts as to what "physical aspects" of their properties were supposedly "physically altered" in what way. Indeed, Plaintiffs offer nothing more than their conclusory assurance that "[t]his physical alteration is substantial damage." *Id.* Yet, it is now well-established that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements does not suffice" to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] *Accord Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (dismissal is appropriate where a complaint "merely recite[s] an element of a claim without providing the facts from which one could draw such a conclusion").

---

[2] On May 7, 2019, the day after the parties' final deadline to amend the pleadings, Plaintiffs filed a document entitled "Plaintiffs' Errata," purporting to "correct" certain "errors" in the TAC. Dkt. #176. In one such "correction," Plaintiffs seek to append several additional sentences to the end of their allegations in Paragraph 84 of the TAC. *Id.* ¶ 3. This is a transparent attempt to make substantive amendments to their complaint after the passing of the Court's deadline for amending pleadings, which the parties were advised would not be extended "**ABSENT EXTRAORDINARY CIRCUMSTANCES THAT ARE, IN FACT, OUTSIDE THE CONTROL OF THE PARTIES AND THEIR COUNSEL**." Dkt. #174 ¶ 1 (capitalization and bold in original). As such, these allegations should be disregarded as not part of the TAC. In any event, these allegations amount to little more than a claim that contamination is physically present at Plaintiffs' properties, which again falls short of the "substantial damage" required for Plaintiffs to state a claim.

Again, Plaintiffs' attempt to assert a trespass claim is completely improper, because this Court has *already* dismissed that claim *with prejudice*. Given that, the Court need not—and should not—even consider Plaintiffs' putative new trespass allegations. But because Plaintiffs offer no *factual allegations* whatsoever to support their putative new "substantial damage" allegation, their trespass claim fails as a matter of law in any event.

## CONCLUSION

For the foregoing reasons, Defendants 3M Company and Dyneon LLC respectfully request that the Court grant their motion and dismiss Plaintiffs' requests for diagnostic testing and their trespass claim.

> */s/ W. Larkin Radney, IV*
> One of the Attorneys for Defendant
> 3M Company

OF COUNSEL:
Harlan I. Prater, IV (PRATH7485)
hprater@lightfootlaw.com
M. Christian King (KINGM4874)
cking@lightfootlaw.com
W. Larkin Radney, IV (RADNL5271)
lradney@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, AL  35203
(205) 581-0700
(205) 581-0799 (fax)

Tyler D. Alfermann (Pro Hac Admission)
Richard F. Bulger (Pro Hac Admission)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
talfermann@mayerbrown.com
rbulger@mayerbrown.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 3rd day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.

*/s/ W. Larkin Radney, IV*
OF COUNSEL