# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC.,<br><br>Defendants. | Case No. 5:15-cv-01750-AKK |

---

**DEFENDANTS 3M COMPANY'S AND DYNEON, LLC'S
REPLY BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

Defendants have shown that Plaintiffs' request for "diagnostic testing" and trespass are contrary to Alabama law and this Court's orders. Dkt. #181 at 2-7. Plaintiffs now argue that the Court should change its mind and ignore controlling Alabama law requiring "manifest, present injury" to recover in tort, forgive their violation of the scheduling order, and permit them to resurrect a trespass claim that was dismissed with prejudice over two and a half years ago.

## I.   The Court Should Dismiss Plaintiffs' Request For "Diagnostic Testing."

Alabama law bars Plaintiffs' request for "diagnostic testing." *See, e.g.*, Dkt. #175 ("TAC") at ¶¶ 41, 63, 82. The Alabama Supreme Court has rejected claims for medical monitoring, holding that there is no redress for a plaintiff who has no present injury or illness. *See* Dkt. #65 at 7-9; Dkt. #181 at 2-4; *Hinton ex rel. Hinton v. Monsanto Co.*, 813 So. 2d 827, 829-32 (Ala. 2001); *see also Houston Cty. Health Care Auth. v. Williams*, 961 So. 2d 795, 811 (Ala. 2006). Plaintiffs *still* do not allege that they *currently* have a disease as a result of their exposure. Dkt. # 65 at 8. Instead, they try to plead around *Hinton, Houston County*, and this Court's dismissal of their medical monitoring claim by (1) rebranding the requested relief as "diagnostic testing," (2) arguing that their "injury" is the cost of the diagnostic testing itself, and (3) urging the Court to disregard Alabama law and apply the law of other jurisdictions instead.

Plaintiffs' first contention fails out of the gate, because they "seek to recover the present costs of long-term diagnostic testing necessary to detect latent diseases *that may develop* as a result of tortious exposure to toxic substances." Dkt. #186 at 7 (emphasis added). This is exactly the relief that *Hinton* held is *not* available. *Hinton,* 813 So. 2d at 829 (rejecting claim for "the costs of monitoring [plaintiff's] health to detect whether he develops an illness or an injury in the future as a result of his [toxic] exposure"). Whether called "medical monitoring" or "diagnostic testing," without a "a manifest physical injury or illness," Plaintiffs cannot recover "the costs of monitoring [their] health" for potential future illnesses. *Id.* at 828-29.

Plaintiffs try to paper over this lack of a manifest, present injury by arguing that "[t]he injury that underlies the claim, as with any other cause of action sounding in tort, is the invasion of any legally protected interest," which they say is the "burden of the cost of reasonably necessary diagnostic testing." Dkt. #186 at 8, 9.[1] Again, this argument is precisely the one rejected in *Hinton*. *Id.* at 829 ("[Plaintiff] argues, the costs of all reasonable medical expenses necessarily incurred as a result

---

[1] None of the cases Plaintiffs cite has anything to do with diagnostic testing for asymptomatic plaintiffs—each plaintiff had already suffered a *present* injury and was not seeking damages to monitor for potential injuries in the future. *See Phillips v. Smalley Maintenance Servs., Inc.*, 435 So. 2d 705 (Ala. 1983) (sexual harassment); *Goodwin v. Aaron*, 85 So. 17 (Ala. 1920) (assault and battery arising from business dispute); *Lipham v. McElroy*, 326 So. 2d 290 (Ala. Civ. App. 1976) (gunshot injury); *Engineered Cooling Servs., Inc. v. Star Serv., Inc. of Mobile*, 108 So. 3d 1022 (Ala. Civ. App. 2012) (breach of confidentiality agreement); *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 871 F. Supp. 2d 1241 (N.D. Ala. 2012) (property damage).

2

of a tort are recoverable under Alabama law.").

As a last resort, Plaintiffs urge the Court to follow decisions of other jurisdictions permitting recovery of the costs of medical testing for possible future injuries. Dkt. #186 at 7, 9-15 & n. 2. Yet again, *Hinton* rejected this very argument. Acknowledging that other jurisdictions had recognized a medical monitoring cause of action, the *Hinton* court said, "[W]e do not and need not know how such jurisdictions coordinated that recognition with the traditional tort-law requirement of a present injury." *Hinton*, 813 So. 2d at 829. The court refused "to stand Alabama tort law on its head in an attempt to alleviate … concerns about what *might* occur in the future." *Id.* at 831.

When the state's highest court has rejected a plaintiff's claim, this Court is "bound to follow" that decision. *Pa. Nat'l Mut. Cas. Ins. Co. v. St. Catherine of Siena Parish*, 790 F.3d 1173, 1182 (11th Cir. 2015).

## II.   The Court Should Again Reject Plaintiffs' Trespass Claim.

The Court should dismiss Plaintiffs' trespass claim—again. The Court dismissed this claim *with prejudice* in September 2016. Dkt. #65. Plaintiffs originally got the message, dropping trespass from their consolidated complaint filed the following week. Dkt. #66. Nearly three years later, however, Plaintiffs now attempt to resurrect their trespass claim without ever asking the Court to reconsider its dismissal order, insisting that dismissal with prejudice does not mean that "the

3

claim is forever dismissed." Dkt. #186 at 4. But that is *exactly* what a dismissal with prejudice is. *See Guzman v. City of Hialeah*, 2017 WL 9440579, at *2 (S.D. Fla. Aug. 18, 2017) (plaintiff could not "reassert" claim that had been dismissed with prejudice), *adopted in relevant part*, 2017 WL 4324632 (S.D. Fla. Sept. 29, 2017); *Dismissed With Prejudice*, Black's Law Dictionary (10th ed. 2014). Nor can Plaintiffs find refuge in *Cooper v. Rogers*, 2012 WL 2050577 (M.D. Ala. June 6, 2012), the only case they cite to excuse their attempted end-run around the dismissal order. *See* Dkt. # 186 at 5. Unlike in *Cooper*, where dismissal was "based upon the paucity of factual allegations," Plaintiffs' trespass claim was dismissed with prejudice because they "could not plead a legally sufficient claim." *Cooper*, 2012 WL 2050577, at *8; *see* Dkt. #65 at 12-14 (holding that Plaintiffs' allegations "sound[ed] in nuisance—not trespass").

Regardless, the TAC fails once again to state a trespass claim. The TAC alleges that the purported trespasses "have physically altered" unspecified "physical aspects" of Plaintiffs' properties, and "[t]his physical alteration is substantial damage." Dkt. 175 at ¶ 85. Plaintiffs' addition of a "[t]hreadbare recital[]" of substantial damages to the *res* does not suffice to survive dismissal, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and Plaintiffs do not seriously contend that this conclusory allegation can sustain their claim. Rather, they attempt to clear the *Iqbal* hurdle by relying on an amendment to the TAC filed *after* the Court's deadline for amending

4

the pleadings. Dkt. #186 at 2-4 (citing Dkt. #176).[2] Contrary to the scheduling order, however, Plaintiffs have shown no "**EXTRAORDINARY CIRCUMSTANCES … OUTSIDE THE CONTROL OF THE PARTIES AND THEIR COUNSEL,**" *see* Dkt. #174 at ¶ 1 (emphasis the Court's), justifying their tardiness. Their only excuse is that they did not closely read the scientific report purportedly underlying the amendment until after they had filed the TAC. Dkt. 186 at 6. These circumstances are not "extraordinary," and they were not "outside the control" of Plaintiffs "and their counsel."

The trespass claim would fail even if the Court considered Plaintiffs' belated amendment. It is not clear, and Plaintiffs do not explain, what "degrading the soil" means, as alleged in their "errata." Dkt. # 176 at ¶ 3. Taken as true, even this allegation would establish only that some PFAS is present on Plaintiffs' properties. This is a far cry from *Abrams v. Ciba Specialty Chemicals Corp.*, 663 F. Supp. 2d 1243 (S.D. Ala. 2009) (cited at Dkt. #186 at 3-4), where plaintiffs' properties contained "a 'probable' human carcinogen" "at concentrations of up to several hundred times greater than would be expected to occur otherwise." *Id.* at 1255. Plaintiffs have not plausibly alleged anything close to this level of contamination.

---

[2] It makes no difference that Plaintiffs call this document an "errata," because it cannot reasonably be disputed that adding new factual allegations to a complaint is an amendment. *See Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, 625 F. Supp. 2d 1198, 1238 (S.D. Fla. 2008) ("attempts to interpose new allegations . . . through subsequent pleadings and argument are improper" and "would make the procedures for a formal amendment of a complaint set forth in the Federal Rules meaningless"), *aff'd*, 329 F. App'x 257 (11th Cir. 2009).

5

/s/ *W. Larkin Radney, IV*<br>
One of the Attorneys for Defendants<br>
3M Company and Dyneon, LLC

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
hprater@lightfootlaw.com
M. Christian King (KIN017)
cking@lightfootlaw.com
W. Larkin Radney, IV (RAD008)
lradney@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

Tyler D. Alfermann (Pro Hac Admission)
Richard F. Bulger (Pro Hac Admission)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
talfermann@mayerbrown.com
rbulger@mayerbrown.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 19th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.

/s/ *W. Larkin Radney, IV*<br>
OF COUNSEL