FILED
2019 Aug-21  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

1644548.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY, and LARRY WATKINS, individually and on behalf of a class of persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )Case No. 5:15-cv-01750-AKK ) |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) ) |
| Defendants. | ) |

## REVISED STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL MATERIAL

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. The Parties are willing to provide this information to each other for inspection and review under a protective order governing Confidential Material, as defined herein, and containing the hereinafter stated terms and conditions. Accordingly, the Parties have stipulated to and petition the Court to enter the following Revised Stipulated Protective Order ("Order"). By entering this Order,

2

the Court is not ordering that any confidential and/or proprietary information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), discovery in the above-captioned litigation ("Proceeding") shall be governed by the terms of this Order. This Order supersedes the Stipulated Protective Order (Dkt. No. 100) entered by the Court on May 15, 2017.

## I.      DEFINITIONS

1.      Confidential Material:  means Material of any form that has been designated "Confidential," "Highly Confidential," and/or "Export Control" pursuant to this Order.

2.      Confidential Health Information:  means any patient health information protected by any state or federal law, whether contained in Material produced in this litigation or otherwise, including, but not limited to, "Protected Health Information."

3.      Export Control Material:  means Material that a party has a good-faith basis to believe may be subject to United States' export control law and regulations. The regulatory obligations with regard to such Material are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R.

Parts 120-130.  By entering into this Protective Order, the parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Material is restricted to U.S. persons in compliance with the EAR and ITAR.

4.   <u>Material</u>: means hard-copy paper documents and any electronically stored information active-user files ("ESI") (including, but not limited to:  e-mail, word-processing files, spreadsheets, electronic slide presentations, databases, and other reasonably accessible data) produced in discovery by parties or third parties; discovery responses; testimony; exhibits; and other information produced, served, or otherwise disclosed to or by any Party or third party in connection with this matter.

5.   <u>Protected Health Information</u>:  has the same scope and meaning as set forth in 45 C.F.R. §160.103 (in effect at the time this Order is entered, or as amended from time to time).  Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to:  the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.  "Protected Health Information" does not include any document or

1644548.1

information in which the producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.

6.    <u>Personally Identifiable Information</u>:    includes information that contains the following identifiers of an individual:

a.    social security numbers;

b.    account numbers;

c.    certificate/license numbers;

d.    vehicle identifiers and serial numbers, including license plate numbers;

e.    device identifiers and serial numbers;

f.    medical record numbers;

g.    health plan beneficiary numbers;

h.    web universal resource locators ("URLs");

i.    internet protocol ("IP") address numbers;

j.    biometric identifiers, including finger and voice prints;

k.    full face photographic images and any comparable images; and

l.    any other unique identifying number, characteristic, or code.

7.    <u>Independent Expert</u>:  means an expert and/or independent consultant not an employee of any Party (whether expected to testify pursuant to Fed. R. Civ. P. 26(b)(4)(A), or not, as provided for in Fed. R. Civ. P. 26(b)(4)(D)) retained or

employed to advise or assist counsel in prosecuting or defending claims between the Parties.

8.    Competitor:  means any person or entity (including its affiliates) that is or has been involved in the manufacture, distribution, or sale of products containing perfluorinated chemicals ("PFAS").

## II.    APPLICABILITY

This Order is applicable to all Plaintiffs and Defendants, any additional parties joined in this Proceeding (each individually a "Party and collectively the "Parties"), and any third parties required to respond to discovery in this Proceeding.  The sole purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, and its authority under Fed. R. Civ. P. 16 and 26 throughout the course of discovery and pretrial proceedings in this matter.  The Parties will meet and confer in advance of any trial in this matter concerning reasonable means to protect Confidential Material at any such trial.

## III.    SCOPE OF USE

All Confidential Material produced or exchanged in the course of this Proceeding shall be used solely for the purpose of prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no

other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Order.

## IV.    DESIGNATION OF INFORMATION

1.      Any "Confidential," "Highly Confidential," or "Export Control" Material disclosed during the Proceeding shall be designated in the manner that is consistent with the definitions and procedures set forth in this Order.

a.      "Confidential" Designation.   A Party or third party may designate as "Confidential" any Material that it reasonably and in good faith believes is confidential, including Material that is confidential, proprietary, or commercially sensitive business or financial information, trade secrets, or personal information which is not generally known or publicly available or is protected from disclosure by statute, regulation, rule, or agreement, which the party making the designations would not normally reveal to third parties or would cause third parties to maintain in confidence, or information that otherwise meets the standards for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.

b.      "Highly Confidential" Designation.  A Party may designate as "Highly Confidential" any Material that qualifies as "Confidential" under the terms of paragraph IV(1)(a), and that it reasonably and in good faith

7

believes could provide its Competitor(s) with an advantage (economic or otherwise).

     c.    <u>"Export Control" Designation</u>.  In addition to the designations outlined in subparts a.-b. above, a Party or third party may designate as "Export Control" any Material that qualifies as an Export Control Material as defined in paragraph I.3.

     2.    Material produced prior to the entry of this Order may be designated by notice in writing by Bates number or such other means that will allow for the identification of such documents.  However, no Party or person shall be deemed to have violated this Order for the sole reason that, prior to such designation, such Material was disclosed or used in a manner inconsistent with the subsequent designation. Moreover, a Party who used such Material prior to the subsequent designation may object to the subsequent designation on the ground that the subsequent designation lacks good faith or good cause or unfairly hinders or burdens the Party's preparation and prosecution of the case, including, but not limited to, preparation of experts, preparation for deposition, preparation of motion, and preparation for hearing or trial.  The objecting Party may move the Court to sustain the objection after attempting to resolve it with the Party who made the subsequent designation.

1644548.1

3.     To the extent that any Defendant reproduces Material from other litigations in this Proceeding, the producing Party may rely upon the confidentiality designation(s) applied to such Material as they were previously produced in such other litigation, and has no duty to re-review or re-designate previously-marked Material for reproduction in this Proceeding.

## V.     NON-WAIVER, FAILURE TO DESIGNATE

The failure by a Party or third party to designate specific Materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such Materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to replace each item of Material with a properly designated instance of the Material.  Notice of the designation of such item(s) as Confidential Material will be deemed to apply to all copies of the Material disclosed.  Each Party receiving such Material ("Receiving Party") must further make reasonable efforts to notify every person or organization that received copies of or access to the Material identified in the notice that such Material is in fact Confidential Material governed by this Order, and retrieve all copies of Material from person not entitled to disclosure based on the designation.

## VI.    SAFEGUARDS FOR CONFIDENTIAL HEALTH INFORMATION

The Parties also seek to ensure that any person who receives and stores Confidential Health Information in connection with this Proceeding will develop,

9

implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from any person in connection with this Proceeding.  Confidential Health Information concerning a party or third party shall be designated as "Confidential."  Confidential Health Information will be securely returned or destroyed pursuant to the provisions of paragraph XXII below.

## VII.  SAFEGUARDS    FOR    PERSONALLY    IDENTIFIABLE INFORMATION

The Parties also seek to ensure that any person who receives and stores Personally Identifiable Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Personally Identifiable Information they may receive from any person in connection with this Proceeding.  Personally Identifiable Information concerning a party or third party shall be designated as "Confidential."  Personally Identifiable Information will be securely returned or destroyed pursuant to the provisions of paragraph XXII below.

1644548.1

## VIII.  CONFIDENTIALITY LEGENDS

1.      <u>Documents and Image Formats</u>.  Material in image formats containing Confidential Material, and any copies thereof, shall be designated as such by including a legend of "Confidential," "Highly Confidential," "Export Control," or other consistent language to appropriately identify the category of protected information on each page as to which confidentiality is claimed.  Said legend shall be made so as not to obscure any of the Confidential Material's content.

2.      <u>Native Format ESI</u>.  With respect to any Confidential Material that is produced as ESI in native format and is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party may label the production media "Confidential," "Highly Confidential," and/or "Export Control," provide a placeholder or slip-sheet page corresponding to the native file that is labeled with a Bates number and confidentiality designation and/or do so at the front of the native production set, and/or alter the file name of the native ESI to include "Conf.," "Highly Conf.," or "Export Control," and shall inform all recipients in writing of the designation at the time that Confidential Material is produced; otherwise, the ESI shall be marked with the legend as provided in paragraph VIII(1) above. Whenever any ESI is reduced to a hard-copy document, such copy shall be marked with the legend as provided in paragraph VIII(1) above.

1644548.1

3.     Material Produced by Third Parties.  With respect to any Material that is produced or disclosed by any third party without a designation of "Confidential," "Highly Confidential," or "Export Control," any Party may designate such material as Confidential Material within thirty (30) days of actual knowledge of the production or disclosure of the material, or such other time as may be agreed upon by the Parties.

a.     Parties may designate such Material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated Material.   The designating Party shall either provide the Bates number(s) of the Material in the written notice or provide a copy of the designated Material bearing the appropriate legend. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice or copy of the designated Material pursuant to this subparagraph shall return to the designating Party all undesignated copies of such Material in their custody or possession, shall inform the designating Party that all undesignated copies of such Material in their custody or possession have been discarded, or shall affix the legend to all copies of such designated Material in their custody or possession.

1644548.1

b.     Upon notice of designation pursuant to this Paragraph, the Parties also shall: (1) make no further disclosure of such designated Material or information contained therein, except as allowed under this Order; (2) take reasonable steps to notify any persons who were provided copies of such designated Material of the terms of this Order; and (3) take reasonable steps to reclaim any such designated Material in the possession of any person not permitted access to such information under the terms of this Order.

c.     No Party shall be deemed to have violated this Order for the sole reason that such Material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

## IX.   DEPOSITIONS

A deposition or portion thereof may be designated as "Confidential" or "Highly Confidential" by making that designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Highly Confidential" within forty-five (45) days of receiving the transcript and exhibits and so informing all Parties of the designation.  Until the forty-five (45) day period has passed for a deposition transcript, the transcript for that deposition shall be treated as "Highly

1644548.1

Confidential."  If testimony is orally designated as "Confidential" or "Highly Confidential" during the course of a deposition, the court reporter shall mark the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Any portion of a deposition designated as Confidential Material, shall be separately bound, and shall not be filed with the Court, except in accordance with paragraph X of this Order.  Notwithstanding the above, when notified to do so, persons attending depositions not qualified to review the Confidential Material under the terms of this Order, must leave the room before any discussion of any Confidential Material, or any excerpts, summaries, or information derived therefrom.  In addition, if the witness is not a Party (or an employee of a Party) to this Proceeding, the witness and his or her outside counsel must sign Attachment C to this Order prior to reviewing Confidential Information.

## X.    CONFIDENTIAL MATERIALS FILED WITH THE COURT

All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential Material, if filed with the Court, shall either be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as Confidential Material) or may be filed under seal pursuant to the rules governing sealed documents, as set forth in

14

CM/ECF procedures of the United States District Court for the Northern District of Alabama.  No separate permission needs to be sought regarding the redaction of public filings or the filing of any such submissions under seal.  Any Party shall have the right to seek a judicial determination, post-filing, of whether any Confidential Material should remain under seal.  Any courtesy copies served on the Court shall be unredacted and complete, and shall be filed in an envelope labeled with the caption of the suit, a reference to the corresponding document number on file with the Court, and marked "Filed Under Seal" along with the words "Confidential" or "Highly Confidential" and the following statement:

> "THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE PROTECTIVE ORDER ENTERED BY THE COURT IN THIS LITIGATION."

## XI.    RESTRICTIONS ON USE OF CONFIDENTIAL MATERIAL

Except as agreed by the designating Party or third party, or their counsel, or as otherwise provided herein, Confidential Material, and any excerpts, summaries, or information derived therefrom:

1.    shall be maintained in confidence;

2.    if it is designated Export Control, shall not be disclosed to any person not a U.S. citizen or stored on cloud servers or any media physically located outside of the United States;

3.      may be disclosed only to persons entitled to access thereto under the terms of this Order;

4.      shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Proceeding, including appeals, and for no other purpose; and

5.      may be copied, imaged, or otherwise reproduced only as reasonably necessary for this Proceeding; and

6.      will be securely destroyed or returned at the return of the conclusion of this Proceeding pursuant to the provisions of paragraph XXII below.

Nothing herein shall prevent disclosure beyond the terms of this Order if the Party or third party designating the information as Confidential Material consents in writing to such disclosure of its designated Material.  Nothing herein prevents the use of Confidential Material, in the examination or cross-examination in this Proceeding of any person who: (i) is indicated on the Material as being an author, source, or recipient; or (ii) is reasonably expected to have knowledge of the contents of such Material; or (iii) is the designated representative of any Party or third party and who has been tendered to testify about matters of or concerning the Confidential Material, irrespective of which Party or third party produced such information.

## XII.  AUTHORIZED USERS OF "CONFIDENTIAL" MATERIAL.

Except as agreed in writing by the designating Party or as otherwise provided herein, information designated "Confidential" subject to this Order, or extracts, summaries, or information derived therefrom, shall not be disclosed or shown to any person except the following:

1.     In-house counsel for any Party and the employees and personnel who work with such attorneys to whom it is necessary that the Material be shown for purposes of this Proceeding.

2.     Outside counsel for any Party and the employees and personnel who work with such attorneys to whom it is necessary that the Material be shown for purposes of this Proceeding.

3.     Any named Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of this Proceeding, to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the Proceeding.  Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A-1.

4.     Any "Independent Expert," after such Independent Expert has signed and delivered to counsel for the Party who wishes to provide the Confidential Material to the Independent Expert a statement in the form annexed hereto as

1644548.1

Attachment B.   Disclosure of Confidential Material may not be made to any Independent Expert who has been determined by a Court or other competent tribunal to have violated the terms of a protective order in any other litigation.

5.      A Party's outside service providers and non-expert consultants that provide services regarding document and ESI processing, hosting, review, and production, as well as trial consultants, messenger services, or photocopying or other clerical services, provided such organizations have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as Attachment A-1 (if an individual) or A-2 (if an organization).

6.      A witness who is the author, recipient, or is reasonably expected to have knowledge of the contents of the Material, but only in connection with the preparation for or during the course of a deposition, hearing, or trial in this matter, and provided that the witness has executed an appropriate agreement to be bound by this Order.

7.      The insurers of the Defendants or any agents retained by the insurers including independent claims management personnel.

8.      A court reporter and videographer in connection with the course of a deposition in this Proceeding.

9.      The Court and other court officials (including court reporters and special masters).

10.     Other persons who may be designated by written consent of the producing Party or pursuant to Court order so long as said persons has signed the appropriate Attachment to this Order.

No Party shall be required to provide to any other Party (or third party) any Statement in the form of Exhibits A-1, A-2, or B hereto, obtained pursuant to paragraphs XII(c), (d) or (e); provided however that such statement for any Independent Expert disclosed under Fed. R. Civ. P. 26(a)(2) shall be provided upon request of a Party after disclosure.

## XIII. AUTHORIZED USERS OF "HIGHLY CONFIDENTIAL" MATERIAL

1.     Except as agreed in writing by the designating Party or as otherwise provided herein, information that is designated "Highly Confidential" pursuant to this Order, or extracts or summaries therefrom, shall not be disclosed or shown to any person <u>except</u> those persons listed in paragraphs XII(2), (4), (5), (6), (8), (9) and (10).

2.     Upon a request from any Party, a designating Party may, at its own discretion, agree in writing to disclose or show its own designated "Highly Confidential" Material to the persons listed in paragraph XII(1).

## XIV.  DISCLOSURE TO UNAUTHORIZED PERSONS

1.     If counsel for a Party wishes to disclose Confidential Material subject to this Order, or extracts, summaries, or information derived therefrom, to any

person not designated in paragraphs XII-XIII above, they must proceed in the following manner:  the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to the designating Party, third party, or their counsel twenty-one (21) days in advance of disclosure to afford counsel an opportunity to object to disclosure.  If no objection is made within the twenty-one (21) day period, disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period.  If an objection is made within the twenty-one (21) day period, the Party proposing the disclosure must seek an order from the Court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by the Court on that motion, unless the objection is withdrawn.

2.      Any person who becomes authorized to receive Confidential Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party who produced or designated the Confidential Material a statement in the form annexed hereto as Attachment A-1 or A-2.  Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of this Order.  In the event that a Party, third party, or their counsel

1644548.1

receives a discovery request or subpoena in another case for Confidential Materials of any Party or third party, such Party shall notify counsel for the Party, third party, and/or designating Party whose Material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials without (a) the written consent of the Party or third party whose Confidential Material is sought or (b) the order of a court of competent jurisdiction.

## XV.   CHALLENGING DESIGNATION

If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Order, is not properly subject to the designation assigned to it, or should not be subject to this Order, that Party must notify the designating Party or third party in writing and provide a description of the Confidential Material (to include a Bates number identifier for each individual item for which a designation challenge is made), and a concise statement of the basis for the challenge as to each individual item of Material or other item so identified, which the objecting Party believes should be re-designated or de-designated under this Order, and serve copies of such notice to all other Parties and

21

the producing third party, if applicable.  Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation.  If the objection cannot be resolved by agreement within forty-five (45) days from the date of service of the written objection, any Party may move the Court for a determination as to whether the designation is appropriate.  The burden of establishing the appropriate level of confidentiality shall be on the Party making the designation; the burden of demonstrating the need for re-designation shall be on the party making the challenge.  The protection of the Confidential Material provided for by the Order shall continue as originally designated until the Court issues an order on the motion, and any timely-filed objections to, appeals of, or requests for relief from, such order have been resolved.

## XVI.  INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

The parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e).   If a Party discovers through any means that it has inadvertently produced privileged or attorney work product Materials or information (collectively referred to as the "Inadvertently Produced Information"), the Producing Party may provide written notice to the Receiving Party that the Material was inadvertently produced, which notice shall include a statement of the basis for the Producing Party's contention that the Material is privileged or attorney work product.   After receiving such notice, within five (5) business days the

Receiving Party must return or destroy the Inadvertently Produced Information and any copies that it has and must provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed.  Any motion to compel production of Inadvertently Produced Information must be filed under seal pursuant to the Local Rules of the United States District Court for the Northern District of Alabama and may not assert the circumstances of the inadvertent production in support of the motion.  The Receiving Party shall not copy, distribute, file, or otherwise use the Inadvertently Produced Information until there is an agreement or an adjudication that the Material is discoverable.  If the Receiving Party disclosed the Inadvertently Produced Information before receiving notice of its inadvertent production, the Receiving Party must take reasonable steps to retrieve it.  The Producing Party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information have been resolved.  This protocol shall be deemed to comply with the Party's obligation to take reasonable steps to prevent, identify and rectify inadvertent disclosure pursuant to Fed. R. Evid. 502(b).  Entry of this Order by the Court shall specifically confer the rights and protections available to the parties under Fed. R. Evid. 502(d) and (e).

## XVII. STORAGE AND TRANSMITTAL

1644548.1

To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, all persons with access to Confidential Material are prohibited from storing or transmitting any Confidential Material in or via any online service (other than counsel or a parties' own firm/corporate email system) that is managed or maintained by any third party other than a reputable litigation support service provider that uses (i) a secure document hosting facility, (ii) encrypted web-enabled software, (iii) secure sharing and collaboration among only authorized users, and (iv) employs reasonable authentication to restrict unauthorized access to the Material. Notwithstanding the foregoing provisions of this paragraph, the Parties may transmit files with Confidential Material to persons authorized to receive Confidential Material as email attachments, via secure FTP, or by way of a third party vendor that the Parties agree may be used for encrypted and secure, domestic transactions, provided that for any such transmissions the Parties take all reasonable steps to protect Confidential Material from being disclosed to unauthorized third parties. The use of a third party vendor may include short term, incidental storage of files for the sole purpose of transmitting them, provided that the files are promptly deleted upon transmission. Any Confidential Material stored on portable devices must be properly encrypted, and any shipment of such devices must be tracked and

signed for on delivery. The Parties may agree in writing to make mutual accommodations under this paragraph.

## XVIII.    NO WAIVER.

Production pursuant to this Order shall not be deemed a waiver of:

1.    any Party's or third party's right to object to any discovery requests on any ground;

2.    any Party's right to seek an order compelling discovery with respect to any discovery request;

3.    any Party's right to object to the admission of any evidence on any ground in this Proceeding;

4.    any Party's or third party's use and review of its own Material and its own Confidential Material in its sole and complete discretion; or

5.    the status of any Material as a trade secret.

## XIX.  RESPONSIBILITY OF COUNSEL

Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order and for securing execution of and retaining any executed version of the statement attached hereto as Attachment A-1, A-2, or B when required under the provisions of this Order.

## XX.  MODIFICATION OF ORDER

1644548.1

This Order may be modified or amended either by written agreement of the Parties submitted to the Court for approval or by order of the Court.

## XXI.  THIRD PARTY MATERIAL

To the extent that the Parties produce Materials received from third parties that have been designated by third parties as Confidential Material, those Materials shall be treated as Confidential Material in accordance with the terms of this Order, and any testimony concerning the contents of those Materials shall likewise be treated as Confidential Material in accordance with the terms of this Order.  The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party.

## XXII. CONCLUSION OF PROCEEDING

The provisions of this Order shall continue in effect with respect to any Confidential Material until expressly released by the Party or third party designating the Confidential Material, and if applicable, such effectiveness shall survive the final determination of this Proceeding.  Within sixty (60) days of the final determination of this Proceeding, including any appeal, all Confidential Material that is reasonably accessible, including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the disclosing Party or third party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the disclosing Party or third party.   This

26

includes the return or destruction or deletion of Confidential Material provided to any individual listed in paragraph XII.  Confidential Material that may exist on any back-up media which cannot be reasonably deleted within sixty (60) days after the final determination of this Proceeding may be retained until such time as they are subject to routine deletion or destruction provided that confidentiality is maintained in accordance with this Order.  In addition, counsel of record are permitted to retain a copy of work product, which may contain Confidential Material, provided counsel may not use the Confidential Material for any other purpose and the Confidential Material shall remain subject to the terms of this Order.  For purposes of this Order, the "final determination of this Proceeding" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this Proceeding; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

## XXIII.       TIME PERIOD FOR PROTECTION

Any Confidential Material or any information contained in or derived from Confidential Material shall be subject to the provisions of this Order until further Order of this Court.

## XXIV.      ENFORCEMENT

Upon the final resolution of this Proceeding, any Party may seek leave to reopen the Proceeding or request the Court retain jurisdiction to enforce the provisions of this Order.

IT IS SO ORDERED

_____          _____
Dated                            Abdul K. Kallon
                                 United States District Judge

**<u>Attachment A-1 — Individual</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY, and LARRY WATKINS, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-cv-01750-AKK |
| | ) | |
| 3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>**

1.    I am familiar with and agree to be bound by the terms of the Protective Order in Civil Action No. 5:15-cv-01750-AKK.  I understand that my execution of this Agreement to Be Bound by the Protective Order indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order.  I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

1

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever.  I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Proceeding.  Upon the final determination of this Proceeding, I shall promptly destroy or delete all Confidential Materials provided to me as well as any work product that contains, discloses or is based upon Confidential Material.  I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      I will comply at all times with export control laws, including disclosing documents subject to export control laws only to U.S. citizens and permanent residents, and storing controlled documents only on servers or other electronic storage devices or in locations, within the United States.

5.      I understand that all Confidential Health Information, as defined in the Protective Order, may be subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information

1644548.1

Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").    All Confidential Material disclosed by any Party or third party to this Proceeding that contains Confidential Health Information shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

6.    By executing this Agreement to Be Bound by Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation.  I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information I receive from any person in connection with this Proceeding.

7.    I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any Party or person damaged thereby.  I consent to the jurisdiction of the United

3

States District Court for the Northern District of Alabama (without any time limit)

for the purpose of enforcing the Protective Order.

DATED this ___ day of _____, 20__.

BY: _____

_____
(Print Name)

## <u>Attachment A-2 — Organizations</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY, | ) | |
| and LARRY WATKINS, individually and on | ) | |
| behalf of a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-cv-01750-AKK |
| | ) | |
| 3M COMPANY, DYNEON, L.L.C., and | ) | |
| DAIKIN AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

1. _____ (the "Company") is familiar with and

agrees to be bound by the terms of the Protective Order in Civil Action No. 5:15-

cv-01750-AKK.  The Company understands that its execution of this Agreement to

Be Bound by the Protective Order indicates its agreement to be bound by the

Protective Order and is a prerequisite to its access or review of any information or

documents designated as Confidential Material pursuant to the Protective Order.

The Company further understands that its execution of this Agreement indicates

1644548.1

that it is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.      The Company will access and review Confidential Material that may be provided to it solely for the purpose of its role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever.  The Company further agrees that it will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      The Company will only make such copies of or notes concerning Confidential Material as are necessary to enable me it to render the assistance required in connection with this Proceeding.  Upon the final determination of this Proceeding, the Company shall promptly destroy or delete all Confidential Materials provided to it as well as any work product that contains, discloses or is based upon Confidential Material.  The Company understands that its obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      The Company will comply at all times with export control laws, including disclosing documents subject to export control laws only to U.S. citizens and permanent residents, and storing controlled documents only on servers or other electronic storage devices or in locations, within the United States.

2

5.     The Company understands that all Confidential Health Information, as defined in the Protective Order, may be subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").  All Confidential Material disclosed by any Party or third party to this Proceeding that contains Confidential Health Information shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

6.     By executing this Agreement to Be Bound by Protective Order, the Company agrees that it will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation.  The Company also agrees that it will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and

3

1644548.1

to prevent unpermitted use or disclosure of any Confidential Health Information it receives from any person in connection with this Proceeding.

7.    The Company understands that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any Party or person damaged thereby.  The Company consents to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this ___ day of _____, 20__.

BY: _____

_____
(Print Name)

1644548.1

**Attachment B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY, | ) | |
| and LARRY WATKINS, individually and on | ) | |
| behalf of a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-cv-01750-AKK |
| | ) | |
| 3M COMPANY, DYNEON, L.L.C., and | ) | |
| DAIKIN AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT FOR INDEPENDENT EXPERTS
TO BE BOUND BY PROTECTIVE ORDER**

1.      I am familiar with and agree to be bound by the terms of the Protective Order in Civil Action No. 5:15-cv-01750-AKK.  I understand that my execution of this Agreement to Be Bound by the Protective Order indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order.  I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any

2

information or documents designated as Confidential Material pursuant to the Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever.  I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Proceeding.  Upon the final determination of this Proceeding, I shall promptly destroy or delete all Confidential Materials provided to me as well as any work product that contains, discloses or is based upon Confidential Material. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      I will use any Confidential Material or any information or knowledge derived from Confidential Material solely for purposes of this Proceeding.

5.      I will comply at all times with export control laws, including disclosing documents subject to export control laws only to U.S. citizens and permanent residents, and storing controlled documents only on servers or other electronic storage devices or in locations, within the United States.

1644548.1

6.   I understand that all Confidential Health Information, as defined in the Protective Order, may be subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").   All Confidential Material disclosed by any Party or non-party to this Proceeding that contains Confidential Health Information shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

7.   By executing this Agreement to Be Bound by Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation.  I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent non-permitted use or disclosure of

4

any Confidential Health Information I receive from any person in connection with this Proceeding.

8.     I have not been determined by a Court or other competent tribunal to have violated the terms of a protective order in any other litigation.

9.     I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any Party or person damaged thereby.  I consent to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this ___ day of _____, 20__.

BY: _____

_____
(Print Name)

5