UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TOMMY LINDSEY, LANETTE LINDSEY and LARRY WATKINS, individually, and on behalf of a Class of persons similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:15-cv-01750-AKK |
| v. | ) ) | CLASS ACTION JURY DEMAND |
| 3M COMPANY, DYNEON, L.L.C and DAIKIN AMERICA, INC., | ) ) ) | |
| Defendants. | ) | |

## Declaration of Timothy C. Davis

I, Timothy, C. Davis, declare as follows:

1. I am a partner in the Birmingham, Alabama office of Heninger Garrison Davis. I am lead counsel for the Plaintiffs in the above-referenced matter.

2. This Declaration is submitted pursuant to Federal Rule of Civil Procedure 56(d), which provides:

> (d) When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

3. I, along with two of my partners, filed notices of appearance in this case on July 17, 2018. Since then, six attorneys in our firm and one associated counsel, have collectively undertaken to digest the substantial volume of evidentiary materials produced in this case and have worked to prepare the case for presentation to the Court.

4. Our firm, utilizing outside services where necessary, has reviewed over 600,000 documents in this case. It has also reviewed depositions taken in this matter before our involvement. Finally, we have reviewed deposition and documentary materials in the case of *State of Minnesota v. 3M*.

5. In the fall of 2019, during the course of analyzing the above items, I let 3M counsel know that we desired to take the depositions of 3M employees Phillip Wirey and David Magnusson, as well as the deposition of 3M's corporate representative pursuant to FRCP 30(b)(6). 3M agreed to submit these witnesses for deposition.

6. In mid-December of 2019, two and a half months before the discovery deadline, Plaintiffs' counsel again contacted counsel for 3M about these depositions. This time Plaintiffs' counsel served a Rule 30(b)6 deposition notice and suggested that the deposition be taken between January 23rd and January 31, 2020. A request was also made to depose Mr. Wirey and Mr. Magnusson during the first week of February 2020. (*See* letter from Chris Hood to Counsel for Defendants dated Dec. 16, 2019, attached hereto as Exhibit A). One month later, and after having received no deposition dates from 3M, Plaintiffs' counsel again reached out to counsel for 3M. (*See* email from Chris Hood to Chris King dated January 15, 2020, attached hereto as Exhibit B).

7. In February 2020, and still with no confirmed deposition dates, I again contacted 3M counsel, Chris King, about this matter. Mr. King responded to my email inquiry, "Trying to nail this down and will get back to you ASAP." (*See* e-mail exchange between Tim Davis and Chris King dated February 14, 2020, attached hereto as Exhibit C).

8. Following the email exchange on February 14, 2020, Mr. King telephoned me and informed me of scheduling difficulties with respect to the 3M depositions and asked if we could, by agreement, schedule the deposition of the 3M corporate representative in March. I agreed to his request. Three days later, on February 17, 2020, the date of March 17, 2020 was agreed upon for the 30(b)(6) deposition of 3M.

9. On March 10, 2020, one week before the scheduled 3M deposition, I received an email from 3M counsel, Chris King, stating the following:

> Tim, I would call you, but I know you are out of the country. For several reasons, not the least being my personal schedule (I have an arbitration next week that I was certain would go away or get moved), I need to reschedule Tuesday's depo in Chicago. I will discuss new dates with you as soon as you return and you and I are able to talk. I'm sorry for any inconvenience this rescheduling might cause you or your team.

(*See* March 10, 2020 e-mail from Chris King to Tim Davis, attached hereto as Exhibit D).

10. During mid-March, the country began shutting down due to the COVID – 19 pandemic. As a result, on March 23, 2020, counsel for the parties began a dialogue related to drafting a revised schedule that would address, among other items, the remaining depositions, as well as the filing of Daubert and dispositive motions which would utilize completed discovery.

11. On March 25, 2020, defense counsel for 3M got back to me about the rescheduling of the previously postponed 3M 30(b)(6) deposition. He informed me that 3M would make its witness available on May 14. The parties agreed to take the deposition by remote video conference.

12. One week following the scheduling of this May 14, 2020 deposition, 3M filed its motion for summary judgment. The filing of 3M's summary judgment motion on April 2, 2020, occurred one and one-half months before the rescheduled deposition of 3M's corporate representative. It also occurred before the scheduling of the agreed upon depositions of Phillip Wirey and David Magnusson. Finally, as explained below, it occurred before 3M met its Court-ordered obligations with respect to evidentiary materials referenced in its brief opposing class certification, specifically the requirement to make available for deposition Mr. Don Sims, the General Manager of WMEL, who is a 3M fact witness in opposition to certification. This discovery relates to Mr. Sim's declaration in opposition to certification, which 3M has filed again in support of MSJ. The discovery also relates to WMEL's customer list and customer payment records. The Plaintiffs obtained these same types of customer records from the other water utilities at issue by timely subpoenas, but they did not subpoena WMEL after Mr. Sims' declaration first was submitted by

3M (to oppose class certification), because 3M represented at that time that it would work to arrange the discovery from WMEL. The Plaintiffs reasonably relied on that undertaking, because WMEL has agreed to cooperate with 3M, *subjecting it to 3M's control*. That undertaking is unmet, and the Plaintiffs' deposition notice to WMEL, also timely served, has not been honored by WMEL despite its repeated assurances that it would make its witness(es) available. This is additional proof of 3M control adverse to the Plaintiffs. (*See* e-mail exchange between counsel for WMEL, Cary McWhorter and Christopher Hood, attached hereto as Exhibit E). WMEL has not been examined on Mr. Sims' declaration for these reasons.

13. On April 15, 2020, I contacted Chris King in relation to the recently filed summary judgment motion. My purpose was to agree upon a date following 3M's fulfillment of its discovery obligations on which Plaintiffs' response to 3M's motion would be due. To my surprise, Mr. King informed me that 3M would not consent to a date beyond the 21 days triggered by 3M's filing of its summary judgment motion. Mr. King stated I would need to file a Rule 56 affidavit to obtain relief from the Court. When I pointed out that the outstanding discovery items due from 3M were needed in order to adequately respond, Mr. King informed me of 3M's position on that point as well—specifically, that the motion for summary judgment was drafted narrowly so that the (long overdue) discovery from 3M would not be needed for Plaintiffs to respond to the 3M motion. Mr. King further stated that the motion was based largely on the case law and Plaintiffs' testimony. (*See* email exchange between Tim Davis and Chris King dated April 15, 2020, attached hereto as Exhibit F). This of course ignores the fact that, via witness Mr. Sims, WMEL is cooperating with 3M and is *not* a plaintiff. 3M's use of Mr. Sims' declaration to oppose class certification and for summary judgment proves that. In the second instance (summary judgment), 3M cites and relies on Sims for eight purported "undisputed material facts." Doc. 225 at 4-9. It utilizes Mr. Sims for that purpose long after it failed to make him available for examination on his declaration. *See* Doc. 174 at p. 2. (requiring parties to make fact witnesses for and against class certification available for examination). These are compelling reasons to examine Mr. Sims on his declaration, discovery which 3M undertook to ensure (and which is required to provide by order) but has not yet honored.

14. 3M may have attempted to draft its motion in a way to avoid bringing to light its discovery failures, but 3M does not control Plaintiffs' response to the motion, and it is Plaintiffs' firm belief that the discovery items due from 3M will absolutely provide needed and relevant information. As counsel for 3M points out, it utilized the testimony of the Plaintiffs in drafting its motion. Plaintiffs simply want the right to utilize the testimony of the Defendant and its employees in

responding to the motion. Of the four fact witnesses it is responsible for making available–its corporate representative, Mr. Sims, Mr. Wirey, and Mr. Magnusson– 3M has not made one available as of today.

15.   When 3M cancelled the March 17 deposition of its corporate representative, Mr. King apologized for "any inconvenience this might cause . . . ." (*See* Exhibit D). While I genuinely appreciate the apology, the fact is that with 3M's filing of its summary judgment motion and, specifically, its position that Plaintiffs should respond to the motion without the benefit of the deposition and other items due from the defendant, 3M's conduct has now resulted in not only "inconvenience" but also extreme prejudice.

16.   There is no dispute that the deposition of 3M's corporate representative, the depositions of Wirey and Magnusson, and the discovery from WMEL are all due and owing from 3M. In fact, there is no dispute that all of these items are long *overdue* from 3M. The parties have long since reached agreement on these matters, some of which are even subject to Court order. These items are critical to Plaintiffs' ability to adequately respond to 3M's summary judgment motion. Specifically, the following discoverable information is <u>essential</u> to Plaintiffs' opposition to 3M's motion for summary judgment, but is unavailable to Plaintiffs absent the requested discovery:

   a. Evidence that contradicts 3M's reliance on Mr. Sims as a fact witness, specifically facts which show that 3M PFAS in WMEL drinking water made the water unsafe, endangering the health of customers, and the amount of PFAS in the water has not been accurately reported to customers.

   b. Facts regarding 3M's actual knowledge of the health risks of PFOA and PFOS.

   c. Facts regarding 3M's communication with EPA regarding the health risks associated with PFAS.

   d. Facts regarding 3M's actual knowledge as to the amount of PFOA and PFOS it has discharged into the Tennessee River, and its knowledge that its PFAS discharges into the Tennesee River contaminated the intake for the water WMEL treated and distributed to customers, endangering the health of customers

      e. Facts regarding 3M's actual knowledge of the health risks of short-chain PFAS.

      f. Facts regarding 3M's actual knowledge as to the amount of short-chain PFAS it has discharged into the Tennessee River.

      g. Facts regarding 3M's actual knowledge of WMEL's intake facility for source water and WMEL's inability to filter 3M's PFAS discharges from that source water.

17. The foregoing evidence is essential to demonstrate the existence of disputes concerning facts material to the disposition of this case. 3M has attempted to use health advisories enacted by the EPA as a shield against Plaintiffs' claims by alleging that its purported compliance with such health advisories deprives Plaintiffs of standing to assert any claims against 3M. However, this is nothing more than misdirection and an attempt by 3M to shift focus away from the fact that the health advisories are not regulations, do not create a safe harbor for 3M's misconduct, and were stymied by 3M's intentional and concerted efforts throughout the years to downplay the health risks of PFAS—including PFOA, PFOS and short-chain PFAS—by deliberately concealing and, in some cases, actively sabotaging scientific studies that would allow the EPA to accurately assess the health risks of PFAS and implement appropriate health advisories.

18. The foregoing evidence is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) because it is relevant to each of Plaintiffs' claims against 3M.

19. Plaintiffs are unable to present the foregoing evidence because any such evidence is solely and exclusively in the possession and/or control of 3M.

20. Accordingly, this Court should grant Plaintiffs the requested relief under Federal Rule of Civil Procedure 56(d). 3M's motion for summary judgment should be denied, or alternatively deferred, to allow time to take discovery regarding the foregoing evidence.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 17, 2020.

                                                */s/ Timothy C. Davis*
                                                Timothy C. Davis
                                                *Counsel for Plaintiff*