FILED
2021 Nov-10  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**TOMMY LINDSEY, LANETTE LINDSEY, and LARRY WATKINS, individually and on behalf of a Class of persons similarly situated,**

       *Plaintiffs*,

    **v.**

**3M COMPANY, DYNEON, L.L.C., and DAIKIN AMERICA, INC.,**

       *Defendants*.

**Case No. 5:15-cv-01750-AKK**

## PRELIMINARY APPROVAL ORDER

Before the Court is the Motion for Preliminary Approval of Class Action Settlement filed by the proposed Class Representatives, doc. 259, which is not opposed by Defendants 3M Company, Dyneon, L.L.C., and Daikin America, Inc. (Class Representatives and Defendants collectively referred to as "Parties"). The proposed Class Representatives have moved pursuant to Federal Rule of Civil Procedure 23 for an order preliminarily approving the proposed settlement of the Class Claims against 3M, Dyneon, and Daikin (collectively, the "Defendants") in the above-captioned action in accordance with the Parties' proposed Class Settlement Agreement dated Oct. 25, 2021, as filed with the court (Settlement Agreement"),

which sets forth the terms and conditions  for the proposed settlement of the Class Claims. The proposed Class Representatives  also seek conditional certification of the Settlement Class pursuant to Rule 23(b)(3)  and  approval  of  a  Notice  Plan  and Class  Notice  consistent  with  Rule  23  and  applicable law to provide notice of the proposed class action settlement to the Class  Members.

WHEREAS,  the  Court  has  considered  the  Settlement  Agreement  and accompanying exhibits and other documents;

WHEREAS, all Parties have consented to the entry of this Preliminary Approval Order; and

WHEREAS,  the  Court  held  a  Preliminary  Approval  Hearing  on November 10, 2021, with the Parties present through Counsel,

IT IS HEREBY ORDERED THAT:

1.     Tommy Lindsey, Lanette Lindsey, Larry Watkins, and Venetia Watkins are designated as Class Representatives for purposes of this Settlement. Further, Tommy Lindsey and Larry Watkins are designated representatives of the Ratepayer Subclass, and Lanette Lindsey and Venetia Watkins are designated as representatives of the Resident Subclass.

2.      The Court designates Timothy C. Davis, W. Lewis Garrison, Jr., and Christopher B. Hood of Heninger Garrison Davis LLC, and Kevin S. Hannon of The Hannon Law Firm, LLC, as Class Counsel for purposes of this Settlement.

3.      The Court confirms the authority of Class Counsel to execute the Settlement Agreement on behalf of the Class Members.

4.      The Court hereby finds, preliminarily, that certification of this action as a Rule 23(b)(3) class action is appropriate and finds that each of the elements of Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact, (3) the claims of the class representative are typical of their class and subclass, and (4) each of the representatives fairly and adequately represent their class and subclass.  This Court also preliminarily finds that, in this particular context, questions of law or fact common to the class predominate over any questions affecting individual members and that a class action is superior to other available methods to fairly and efficiently adjudicate this controversy. Further, the Court, pursuant to Rule 23(b)(3), preliminarily certifies a Settlement Class consisting of the following two subclasses for purposes of this Settlement only:

(1)      "Ratepayer Subclass": Every Person who (a) was a residential-coded customer of the Authority or of the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works at any time between October 5, 2013, and

3

September 29, 2016, and (b) made any payment for water originating with the Authority—whether such water was provided directly by the Authority or through one of the Authority's wholesale customers, namely, the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works—on or between (i) November 1, 2013 and October 31, 2016, in the cases of the residential-coded customers of the Authority, the Town Creek Water System, and the West Lawrence Water Cooperative (Route 20 only), or (ii) November 1, 2013, and June 30, 2016, in the cases of residential-coded customers of the V.A.W. Water System (Routes 08 through 19 only) and the Trinity Water Works; and

2) "Resident Subclass": Every Person who currently resides in Alabama, Georgia, or Tennessee, and for at least six months between (a) October 5, 2013 and September 29, 2016, in the cases of the residential-coded customers of the Authority, the Town Creek Water System, and the West Lawrence Water Cooperative (Route 20 only), or (b) between October 5, 2013, and May 31, 2016, in the cases of residential-coded customers of the V.A.W. Water System (Routes 08 through 19 only) and the Trinity Water Works, owned or resided in a residential housing unit that received water originating with the Authority, whether such water was provided directly by the Authority or through one of the Authority's wholesale customers, namely, the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works.

Persons defined by (1) above are "Ratepayer Subclass Members," and Persons defined by (2) above are "Resident Subclass Members." Persons who are Ratepayer Subclass Members are excluded as Resident Subclass Members, except that when two persons are named as the ratepayer for the same account, one of those two persons (but not both) is eligible to be a Resident Subclass Member, provided he or she satisfies the Resident Subclass Member definition. Members of the Resident Subclass shall not be paid for more than one claim in the Settlement.

Excluded from the Settlement Class are employees of Defendants and any entities in which Defendants have a controlling interest; any of the legal representatives, heirs, successors, or assigns of Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family

and any other judicial officer assigned to this case; all persons or entities that properly execute and timely file a request for exclusion from the Settlement Class; and any attorneys representing the Plaintiffs or Members of the proposed Settlement Class.

5.     The Court has reviewed the Settlement Agreement and preliminarily approves its terms, subject to further consideration at a Fairness Hearing.

a.     The Court preliminarily finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is presumptively fair, just, reasonable, valid and adequate, subject to any objections that may be raised at the Fairness Hearing.

b.     The Court preliminarily finds that the Settlement Amount of $12,000,000.00 (twelve million dollars) will be used to fund class benefits that will directly benefit the Class Members. Based on the Court's preliminary analysis, the class benefits represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(3) Class Claims against Defendants.

c.     The Court preliminarily finds the Class Settlement, including the proposed plan of distribution of Settlement proceeds to Class Members, is fair, adequate and reasonable, based upon the Court's consideration of the Fed. R. Civ. P. 23(e) factors: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay

of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *See also Bennett v. Behring Corp*., 737 F.2d 982, 986 (11th Cir.1984).

        d.    The Fairness Hearing shall be held before the Court on March 15, 2022 at 9:00am at the Seybourn Lynne United States District Court for the Northern District of  Alabama in Decatur, Alabama.  The Fairness Hearing will enable the Court to: (i) determine whether the proposed Settlement is fair, reasonable and adequate and  should be approved by the Court under Rule 23(e), and whether a Final Approval  Order should be entered; and (ii) consider such other matters as may properly come  before the Court in connection with the approval of the proposed Settlement Agreement, approval of Class Counsel's attorney fees and expenses,  and other  matters related to approval and implementation of the Settlement Agreement.

        6.    The Court finds that the proposed Notice Plan and Class Notice attached to the Settlement Agreement are appropriate under the circumstances and are reasonably calculated to inform Class Members of the proposed Settlement, afford Class Members an opportunity to opt out of or present their objections to the

Settlement, and complies in all respects with the requirements of Rule 23 and applicable due process requirements.

7.     Class Counsel shall provide notice of the proposed Settlement Agreement to Class Members as required by Rule 23 of the Federal Rules of Civil Procedure and applicable law as set forth in the Notice Plan, including by publication notice in certain newspapers and on digital and social media and by causing a copy of the Class Notice to be mailed to Class Members beginning approximately 30 days after the entry of this Order and being completed no later than 60 days after entry of this Order.

8.     Class Members may (1) file objections to the Settlement Agreement, (2) file objections to the Motion for Attorneys' Fees, Costs and Expenses, and/or (3) appear at the Fairness Hearing personally or by counsel (provided that an appearance is served and filed as provided herein). Unless the Court directs otherwise, procedures for lodging objections shall include the following:

(a)     Each Class Member wishing to object to the Settlement Agreement shall submit a timely written notice of their objections, filed with the Court, no later than ninety (90) days after entry of this Preliminary Approval Order, or February 10, 2022.  Any notice of appearance must be filed in the same manner and time.   If such objections/notices are not electronically filed, they must be timely filed with (by mailing to, first-class postage pre-paid, correctly addressed):

Sharon Harris, Clerk of Court

Re: *Tommy Lindsey, Lanette Lindsey and Larry Watkins, individually, and on behalf of a Class of persons similarly situated v. 3M Co., Dyneon, LLC, and Daikin America, Inc.*, No. 5:15-cv-01750-AKK United States District Court for the Northern District of Alabama Hugo L. Black United States Courthouse
1729 5th Avenue North
Birmingham, AL 35203

With timely copies to:

Class Counsel:
Timothy C. Davis
HENINGER GARRISON DAVIS L.L.C.
2224 1st Avenue North
Birmingham, Alabama 35203

Attorney for 3M:
M. Christian King
LIGHTFOOT, FRANKLIN & WHITE L.L.C.
The Clarke Building
400 20th Street North
Birmingham, Alabama 35203

Attorney for Daikin America, Inc.:
Steven F. Casey
JONES WALKER LLP
420 20th Street North, Suite 1100
Birmingham, AL 35203

(b)     The notice of objections must include: (1) their name, address, and telephone number; (2) a statement indicating whether they are a Ratepayer Subclass Member or a Resident Subclass Member, including the address where they

8

received water and the period of time during they received water at that address; (3) the reasons for their objection; (4) the factual basis for their objection and copies of any documents that support their objection; (5) their signature and the signature of a witness to their signature, and (6) a statement indicating whether they wish to appear at the final hearing (personally or through counsel).

9.      Class Members who object in the manner provided herein remain Class Members and will be bound by the Settlement Agreement and Final Approval Order if the Settlement Agreement is finally approved following the Fairness Hearing. Any person who fails to object in the manner provided herein shall be deemed to have waived his or her objections and shall forever be barred from making any such objections in this Action and any appeal or other action or proceeding.

10.     Class Members may opt out of the class by submitting a timely written notice of their decision to opt out of the Class and sent to the Settlement Administrator as noted in the Class Notice and postmarked no later than ninety (90) days after entry of this Preliminary Approval Order, or February 10. 2022. Such request for exclusion must include: (1) their name; (2) their address; (3) their telephone number; (4) a statement indicating whether they are a Ratepayer Subclass Member or a Resident Subclass Member, including the address where they received water and the period of time during which they received water at that address; (5) a statement indicating that they wish to be excluded from the settlement in *Lindsey v.*

9

*3M Company*, Case No. 5:15-cv-01750; and (6) their signature and the signature of a witness to their signature. Class Members who opt out of the Class will not be bound by the Settlement Agreement or receive any payment under the Settlement Agreement. Any person who fails to opt out in the manner provided herein shall be deemed to have waived his or her ability to opt out and shall forever be barred from opting out of the Class in this Action or in any appeal or other action or proceeding.

11.     Class Counsel shall file their motion for Attorneys' Fees, Costs and Expenses no later than fourteen (14) days after entry of this Preliminary Approval Order, and shall file their motion for final approval of the settlement no later than sixty (60) days after entry of this Preliminary Approval Order.

12.     The Court reserves judgment whether service awards may be awarded to each of the four Class Representatives. After the *en banc* matter in *Johnson v. NPAS Sols.*, LLC, 975 F.3d 1244 (11th Cir. 2020) is decided, a request for the awards may be timely renewed, for a sum for each Class Representative no greater than $5,000, and the Court will decide the matter at that time. The Class Settlement is not contingent on consideration or approval of service awards.

13.     The Court has considered the due process rights of absent Class Members and finds that such rights are adequately protected.

14.     If it has not already done so, Defendants shall provide notice of this proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, providing a copy of each such notice to Class Counsel when such notice is sent.

15.     The proceedings in this case as to 3M, Dyneon, and Daikin are hereby stayed, pending the final determination of whether the Settlement Agreement should be approved, except for those proceedings necessary to carry out or enforce the terms of the Class Settlement Agreement.

**DONE** the 10th day of November, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE