# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TOMMY LINDSEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER |
| | ) | 5:15-cv-01750-AKK |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is the Motion for Final Approval of Class Action Settlement filed by the Class Representatives, which has not been opposed by Defendants 3M Company ("3M"), Dyneon, L.L.C. ("Dyneon"), and Daikin America, Inc. ("DAI") (collectively, the "Parties"). The Class Representatives have moved the Court, pursuant to Federal Rule of Civil Procedure 23, for a final order (1) certifying the Settlement Class pursuant to Rule 23(a) and Rule 23(b)(3) and (2) granting final approval of the proposed Settlement Agreement as fair, reasonable, and adequate under Rule 23(e). In addition, Class Counsel have moved for approval of attorney fees and expenses. The Parties' Class Settlement Agreement, dated October 25, 2021 ("Settlement Agreement"), which was previously filed with the Court (Doc. 258-1), sets forth the terms and conditions for the settlement of the Class Claims, and was preliminarily approved by the Court on November 10, 2021. (*See* Doc. 261). The

Court also, on November 10, 2021, pursuant to Rule 23(b)(3), conditionally certified the Settlement Class.

WHEREAS, the Court has considered the Settlement Agreement, accompanying exhibits and other documents;

WHEREAS, the Court held a Fairness Hearing on March 15, 2022, with the Parties present through Counsel, heard presentations by Counsel concerning the Settlement, certification of the Settlement Class, the implementation of the Notice Plan and Class Counsels' Motion for Attorney Fees and Expenses; and WHEREAS, the Court considered objections filed with the Court and the arguments of objectors.

IT IS HEREBY ORDERED THAT:

1. The Court hereby finds that certification of this action as a Rule 23(b)(3) class action is appropriate and finds that each of the elements of Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact, (3) the claims of the class representatives are typical of their class and subclass, and (4) each of the representatives fairly and adequately represent their class and subclass. This Court also finds that, in this particular context, questions of law or fact common to the class predominate over any questions affecting individual members and that a class action is superior to other available methods to fairly and efficiently adjudicate this controversy.

The Court, pursuant to Rule 23(b)(3), certifies a Settlement Class consisting of the following two subclasses for purposes of this Settlement only:

(1) "Ratepayer Subclass": Every Person who (a) was a residential-coded customer of the Authority or of the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works at any time between October 5, 2013, and September 29, 2016, and (b) made any payment for water originating with the Authority—whether such water was provided directly by the Authority or through one of the Authority's wholesale customers, namely, the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works—on or between (i) November 1, 2013 and October 31, 2016, in the cases of the residential-coded customers of the Authority, the Town Creek Water System, and the West Lawrence Water Cooperative (Route 20 only), or (ii) November 1, 2013, and June 30, 2016, in the cases of residential-coded customers of the V.A.W. Water System (Routes 08 through 19 only) and the Trinity Water Works; and

(2) "Resident Subclass": Every Person who currently resides in Alabama, Georgia, or Tennessee, and for at least six months between (a) October 5, 2013 and September 29, 2016, in the cases of the residential-coded customers of the Authority, the Town Creek Water System, and the West Lawrence Water Cooperative (Route 20 only), or (b) October 5, 2013, and May 31, 2016, in the cases of residential-coded customers of the V.A.W. Water System (Routes 08 through 19 only) and the Trinity Water Works, owned or resided in a residential housing unit that received water originating with the Authority, whether such water was provided directly by the Authority or through one of the Authority's wholesale customers, namely, the Town Creek Water System, the West Lawrence Water Cooperative (Route 20 residential customers only), the V.A.W. Water System (residential customers on Routes 08 through 19 only), or the Trinity Water Works.

Persons defined by (1) above are "Ratepayer Subclass Members," and Persons defined by (2) above are "Resident Subclass Members." Persons who are Ratepayer Subclass Members are excluded as Resident Subclass Members, except that when

two persons are named as the ratepayer for the same account, one of those two persons (but not both) is eligible to be a Resident Subclass Member, provided he or she satisfies the Resident Subclass Member definition. Members of the Resident Subclass shall not be paid for more than one claim in the Settlement.

Excluded from the Settlement Class are employees of Defendants and any entities in which Defendants have a controlling interest; any of the legal representatives, heirs, successors, or assigns of Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case; all persons or entities that properly execute and timely file a request for exclusion from the Settlement Class; and any attorneys representing the Plaintiffs or Members of the proposed Settlement Class.

The Court designates as representatives of the Ratepayer Subclass Tommy Lindsey and Larry Watkins. The Court designates as representatives of the Resident Subclass Lanette Lindsey and Venetia Watkins.

2.   The Court has reviewed the Settlement Agreement and approves its terms.

(a)   The Court finds that the Settlement Agreement is the product of informed, arm's-length negotiation by counsel and is fair, just, reasonable, valid and adequate, notwithstanding the objections that were raised at the Fairness Hearing.

(b) The Court finds that the Settlement Amount of $12,000,000.00 (twelve million dollars) will be used to fund class benefits that will directly benefit the Class Members. Based on the Court's analysis, the class benefits represent a reasonable compromise of the relief sought by the Class Members through the Rule 23(b)(3) Class Claims.

(c) The Court finds the Class Settlement, including the plan of distribution of Settlement proceeds to Class Members, is fair, adequate and reasonable, based upon the Court's consideration of the Fed. R. Civ. P. 23(e)(2) factors: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *See also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir.1984).

3. The Court finds that the Class Notice and Notice Plan were appropriate under the circumstances and were reasonably calculated to inform Class Members of the proposed Settlement, afforded Class Members an opportunity to opt out or

present their objections to the Settlement, and complied in all respects with the requirements of Rule 23 and applicable due process requirements.

4. The Court finds that Class Counsel implemented the Notice Plan in compliance with this Court's Preliminary Approval Order.

5. The Court finds that Defendants provided notice of the proposed Class Action Settlement to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act.

6. The Court has considered the due process rights of absent Class Members and finds that such rights are adequately protected.

7. Class Counsel's Motion for Final Approval of Attorney Fees and Expenses (Doc. 263) is hereby granted, and Class Counsel are awarded $3,600,000 (three million, six hundred thousand dollars) for fees and $845,353 (eight hundred, forty-five thousand and three hundred and fifty three dollars) for expenses, per the Settlement Agreement, as part of this Settlement.

8. Under the Settlement Agreement, each of the Releasing Parties has released, waived, compromised, settled, and discharged all Released Claims.

9. All further litigation by the Plaintiffs and Participating Class Members with respect to the Released Claims is hereby enjoined.

10. There is no just reason for delay and the Clerk of Court is directed to enter this Final Approval Order as a final judgment. The Court reserves exclusive

and continuing jurisdiction over the interpretation, performance, implementation, enforcement, and administration of the Settlement Agreement, and the Court's orders in this Action.

11.   This Action is DISMISSED WITH PREJUDICE.

DONE the____day of_____, 2022.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE